7785

STATE v. BRADFORD.

1. NEW TRIAL.—Refusal of motion for new trial on after discovered evidence is not disturbed because it cannot be said that the affidavits must necessarily lead any reasonable mind to the inference that the newly discovered evidence would probably change the result.

2. WITNESS.—WHEN A DEFENDANT goes on the witness stand he submits himself to the inspection of the Court, and it is not improper for a

juror in open Court to examine his hands and ask him about a scar on one, there being evidence in the case to the effect that one had been bitten on the hand in the transaction under investigation.

Before MEMMINGER, J., Spartanburg, Spring term, 1909. Affirmed.

Indictment against Harvey Bradford for burglary. Defendant appeals.

*Mr. S. G. Finley,* for appellant: *Examination by juror without knowledge of Court or counsel is ground for new trial:* 29 Cyc. 796, 798, 800, 801, 802, 814; 2 Strob. 410; 157 Mass. 579; 89 Wis. 38; 23 Minn. 325; 57 Ky. 291; 46 Wis. 248.

*Solicitor J. C. Otts* and *Messrs Nichols & Nichols,* contra.

*Solicitor Otts* cites: *Due diligence was not exercised by defendant in search for evidence:* 68 S. E. 510; 66 S. E. 1047; 69 S. C. 295; 67 S. E. 267. *New contradictory evidence is not ground for new trial:* 58 S. C. 106; 49 S. C. 285. *There was no abuse of discretion:* 69 S. C. 295, 67 S. E. 237.

February 24, 1911. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant Harvey Bradford was convicted of the crime of burglary and sentenced to life imprisonment. The evidence admitted of no doubt that some man, near midnight on the 14th of June, 1909, committed the heinous crime of breaking into Converse College, entering the room of Miss Juliette Reid, one of the students, and attempting to suppress her screams by laying his hand over her mouth. Miss Reid testified that in the struggle, while the intruder had his hand over her mouth,

she caught one of his fingers between her teeth and bit it. The serious question at the trial was whether the defendant had perpetrated the crime. On this point the circumstantial evidence was strong against him. A hat was found in the room of Miss Reid which the evidence showed the defendant had owned; and the witness Will Bryant testified that he saw the defendant walking on the street without a hat at about two o'clock in the morning immediately after the burglary. The defendant testified that he had swapped off the hat to another negro for a watch some time before the crime was committed, but the person on whom he relied to say that he witnessed the trade testified that the trade he saw the defendant make was the swap of a watch for another watch.

The defendant, who was a negro of less than the average intelligence of his class, was arrested very soon after the crime was committed and tried about three days after his arrest, at a time of much public excitement and indignation.

After conviction a motion was made for a new trial on after discovered evidence. The motion was refused and the defendant appeals to this Court on the ground that the affidavits of newly discovered evidence presented in support of the motion are so strong and convincing that the error of the Circuit Court in refusing the motion is manifest. Some of the affidavits are from persons who swear that they saw the defendant swap off the hat for a watch; others are from those who say that the witness Bryant made statements to them in conflict with his testimony on the trial; others are from persons who directly contradict Bryant as to his movements on the night of the burglary; and another is from a person who confirms the testimony of the defendant that the wound on his hand had been made by the bite of a horse sometime before the burglary was committed.

We are deeply impressed with the force of the affidavits made on these and other points on behalf of the defendant.

Yet, it cannot be doubted that some of the affidavits are cumulative, and that if the statements contained in all of them had been admitted in evidence at the trial, there would have remained a sharp issue of fact which might have been decided for or against the defendant according to the view taken by the jury of the credibility of the witnesses. It cannot be said, therefore, that the affidavits must necessarily lead any reasonable mind to the inference that the newly discovered evidence would probably change the result. Nothing short of this would justify the conclusion that the Circuit Court abused its discretion in refusing the motion. This being so, the law does not allow this Court to reverse the decision of the Circuit Court that a new trial should not be granted. In the recent case of *Mills* v. *Atlantic C. L. R. R. Co.*, 87 S. C. 152, it is said, "The rule is well settled that a motion for a new trial on after discovered evidence is addressed to the discretion of the Circuit Court, and the refusal of such motion will not be reviewed, unless it appears that there was abuse of discretion, or that the exercise of discretion was controlled by some error of law. *State* v. *David*, 14 S. C. 432; *State* v. *Workman*, 15 S. C. 547; *Sams* v. *Hoover*, 33 S. C. 404; *Seegers* v. *McCreery*, 41 S. C. 549, 19 S. E. 696; *Peeples* v. *Werner & Co.*, 51 S. C. 405, 29 S. E. 2. Such a motion must generally depend on matters of fact, over which this Court has no jurisdiction in actions at law."

The motion for a new trial was based also upon the alleged misconduct of one of the jurors in the trial of the case. The incident relied on to show misconduct is thus stated by the juror, S. F. Sutton, in his affidavit: "That upon the examination of the defendant the jurors examined his hands and that deponent found no bite on defendant's right hand, but did find a scar on the fleshy part of his left hand that resembed a bite, and asked defendant what made it, to which defendant replied that a horse had bitten him—several other jurors were examining

defendant's hands at the same time and could have seen and heard what took place between the juror and defendant." All this occurred in open Court while the defendant was on the stand, and in the presence of his counsel. We can see no impropriety in the examination of the hand or in the question asked by the juror. When the defendant voluntarily took the witness stand to testify in his own behalf, he subjected himself to the inspection of his hand and to the question asked.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.