## 8913

### CUTTER v. MALLARD LUMBER CO., LIMITED.

#### (83 S. E. 595.)

TRIAL. CONTINUANCE. EVIDENCE. ARGUMENT. CHARGE. PRACTICE.

1. APPEAL AND ERROR—REVIEW—DISCRETION OF COURT—CONTINUANCE.— An exception to the overruling of a motion for a continuance will not be sustained, where the appellant fails to satisfy the Supreme Court that the trial Judge erroneously exercised his discretion in ruling thereon.

2. APPEAL AND ERROR—REVIEW—DISCRETION OF COURT—EXCLUSION OF EVIDENCE.—In an action for personal injuries to an employee from an alleged defective appliance, the exclusion, as irrelevant, of evidence offered by the master that no similar accident had ever occurred before, was not an abuse of the Court's discretion which requires a reversal.

3. WITNESSES—CROSS-EXAMINATION—BIAS OF WITNESS.—Wmere the trial Court permitted a negro employee of the defendant, who was a

witness on its behalf, to be cross-examined to show that he was paid more than the white employees received, for the purpose of showing the bias of the witness, an exception that the questions showed that the testimony was brought out solely to prejudice the jury against defendant will not be sustained.

APPEAL AND ERROR—REVIEW—DISCRETION OF TRIAL COURT—ADMISSION OF EVIDENCE.—In an action for .injuries received by a sawmill employee while shifting a belt with a stick furnished to him for that purpose, the admission of evidence over defendant's objections, that it was irrelevant that in other parts of the mill shift levers were provided and the pulleys covered, was not an abuse of the Court's discretion which requires a reversal.

5. TRIAL—INSTRUCTIONS—WEIGHT OF EVIDENCE.—A charge that, when it appears that a servant is injured by defective machinery or appliances furnished by the master, it is presumptive negligence on the part of the master, does not take from the jury the question whether the machinery was defective.

6. MASTER AND SERVANT—INJURIES TO SERVANT—DEFECTIVE PLACE TO WORK—KNOWLEDGE OF MASTER.—A master is liable for injuries to his servant resulting from defects in the place of work of which he would have known had he exercised due diligence, as well as from those of which he actually did know.

7. CONTINUANCE—GROUNDS—ABSENCE OF ATTORNEY.—The trial Court did not abuse its discretion in refusing a continuance asked on account of the sickness of one of the defendant's attorneys, where another attorney was present, prepared in all respects and fully capable of representing the defendants.

8. TRIAL—REQUESTED INSTRUCTIONS—MODIFICATION.—In an action for injuries to a servant, it was proper for the trial Court, in giving a requested charge that the plaintiff could not recover merely by showing that there was a defect in the machinery, but must also show that plaintiff's injury resulted from such defect, to modify it by stating that he gave it in connection with what he had already stated as to the presumption of negligence resulting from defective appliances or machinery.

9. TRIAL—INSTRUCTIONS—REQUEST—DELAY IN PRESENTING.—It was not error for the trial Judge to refuse a requested charge which was not presented within the time fixed by rule 11 of the Circuit Court.

10. TRIAL—INSTRUCTION—REQUISITES—NECESSITY.—The failure of the Court to charge that plaintiff could not recover if the evidence showed he received his injuries in a manner not alleged in the pleadings, is not error, where no request was made for such a charge, even though plaintiff's attorney argued that plaintiff could recover if he received his injuries in that manner.

Before SEASE, J., Kingstree, November, 1913.    Affirmed.

Action by Thomas B. Cutter against Mallard Lumber Company. From judgment for plaintiff, the defendant appealed.

The charge of the Circuit Judge was follows:

Mr. Foreman and Gentlemen of the Jury: You are judges —the sole judges of the credibility of the witnesses, and the force and effect to be given to their testimony, and the conclusion that you may reach from that testimony. You are to give the defendant and the plaintiff a fair, square trial. You have no prejudices against either party to the transaction. For the time being you are judges in the highest sense of the word. You will, therefore, approach the consideration of this case in a judicial frame of mind, calmly, earnestly, honestly, to reach a proper verdict under the law and under the testimony as you understand it to be. You are to apply to the facts as you find them to be the law that I shall give you.

Now, you want to know what we are trying, what are the issues. They are set forth in the pleadings, that is the complaint of the plaintiff and the answer of the defendant, and those two papers make the issues and frame the issues that you are to try in this case.

Now, what is the complaint? What is the allegation of the complaint? that is, the plaintiff comes into Court and sets forth his claims that he contends gives him a right to recover damages. Then the particulars—he alleges that he was injured by the negligence of the defendant, Mallard Lumber Company, in failing and neglecting to furnish the said plaintiff a reasonably safe place to work and a reasonably safe appliance with which to work, in the following particulars, to wit: in causing or allowing the plaintiff to use a stick for the purpose of stopping the said machinery, and causing or allowing said belt to become worn so as to catch said stick and in failing to protect or guard the said machines as under the circumstances would have prevented injury to the plain-

tiff, and alleges that the defendants have failed in their duty to him in that particular, and also alleges that by reason of the negligence, carelessness and recklessness and wantonness of the defendant, its agents and servants, he had his leg broken, torn, burned and mashed to such an extent that it was obliged to be amputated above the knee; had his right leg badly cut in several places, and was also prevented from attending to his duty or vocation and was otherwise hurt and injured, in the sum of ten thousand dollars. Now, that in brief is the gist of his complaint.

The answer to that is a general denial, that is the basis of the answer. The defendants denies the general allegations of the complaint. That puts the plaintiff on proof of all those allegations. If he has established them to your satisfaction by the preponderance of the evidence, then he is entitled to a verdict at your hands. If he has not established them to your satisfaction, then he is not entitled to a verdict at your hands.

Now, what is the law? You will notice that the complaint is based upon negligence. Therefore, it is your duty first to understand as near as you can the law of negligence. What is negligence? You have a general idea of what negligence is, but the law says that negligence is the want of due care; that is, the want of that care that is due and owing under all the circumstances surrounding a given situation. It is a relative term. What might be negligence in one set of circumstances and under one situation might not be the same thing—might not be negligence in a different place and under a different set of circumstances. You are to judge from all the circumstances and the conduct of the persons whose conduct you have under investigation, to say whether or not they observed due care, whether or not they observed that care that was due under the circumstances. A concise definition as taken from the lawbooks no doubt will give you a clearer understanding of what negligence is, because that is the basis of the complaint. "Negligence is the omis-

sion to do something which a reasonable man actuated by the considerations which ordinarily regulate the conduct of human affairs would do, or doing something which a prudent and reasonable man would not do. It is the absence of ordinary care; it is the want of that care which a man of common prudence and of common sense would ordinarily exercise in like employment. Inadvertence is the element which characterizes negligence, as the unintentional failure to perform a duty implied by law, whereby damages naturally and proximately result to another." First, negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or the doing of what such a person under the existing circumstances would not have done. It is the absence of due care; therefore, gentlemen, if you come to the conclusion that the defendant did not observe the care that was due under the circumstances surrounding the plaintiff at the time, and that want of due care was the proximate cause of his injury and damage, then he is entitled to a verdict, and I instruct you that he must establish the allegations of the complaint in regard to negligence by the preponderance of the evidence, not necessarily by the greater number of witnesses, but by the greater weight of the evidence. When he has done that, he is entitled to a verdict at your hands.

Now, the plaintiff, in law, is known as the servant, and the defendant, in law, is known as the master. There are certain rules of law that govern the relations of master and servant, and I charge you gentlemen that it is the duty of the master to furnish a reasonably safe place in which his servant can perform his work, and also to furnish him with a reasonably safe appliance—instrumentalities and tools, and things of that kind. When he has done that, he has performed his duty fully—the master has. It is for you to say whether or not in this case the master has furnished reasonably safe instrumentalities and reasonably safe and suitable

place in which and with which the servant was to perform his duty. I charge you gentlemen that where it appears that a servant has been injured by defective machinery, appliances and instrumentalities, the presumption is that the master is negligent, but that is a rebuttable presumption, and if the master shows that he observed due care in that regard, then he is not liable. I charge you gentlemen that the master is not an insurer of the absolute safety of his servants. He is not in law an insurer, but he must furnish a reasonably safe place and a reasonably safe appliance and instrumentalities and matters of that kind, and also he must keep the place and instrumentalities in reasonably safe repair and good condition.

I charge you, in order to get it before you, this: When it is made to appear that a servant is injured by defective machinery and appliances furnished by the master, it is presumptive negligence on the part of the master, and the burden is thrown upon the master to show that he used due care and diligence in keeping in repair the machinery and appliances. This presumption of negligence is rebuttable presumption, and if the master shows that he exercised due care and diligence in the premises, he is not liable.

Now, there was a motion made by the defendant's counsel to direct a verdict in regard to wilfulness and wantonness. At the time I refused it. At this time I grant it. After hearing the testimony argued on both sides, I will have to charge you gentlemen that there is no wilfulness and wantonness proven in this case; therefore you cannot write a verdict for the plaintiff for punitive damages; that is to say, damages to punish the defendant-master. If you find for the plaintiff, you will only find such damages as he has actually suffered; that is compensatory damages—to compensate him for his loss and injury and damage.

Now, counsel for both sides have requested me to make certain charges to you, which I now take up. Plaintiff's requests:

1. "The jury is instructed that it is one of the first duties resting on the master to furnish his employee with a reasonably safe place to work and reasonably safe appliances to work with, and if the master fails to perform his duty, there is *prima facie* evidence of negligence."

I charge you that, gentlemen.   I have already charged you that.

2. "The jury are instructed that a servant performing work for his master has a right to assume that the place where he is put to work and the appliances furnished him to work with are reasonably safe and suitable, for it is the positive duty of the master to see that this is the case and if he fails to perform this positive duty to his servant then the master is *prima facie* guilty of negligence."

I charge you that.

3. "The jury are instructed that under the pleadings in this case if you believe that the master, defendant in this case, was negligent, and if you believe that the plaintiff was also negligent, both negligent, then your verdict should not be for the defendant, but for the plaintiff, for the reason that the defendant in this case has not pleaded what is known as contributory negligence."

I charge you that.   I instruct you, however, if you come to the conclusion that the servant through his own negligence injured himself, and it was not caused by the negligence of the defendant, then the plaintiff cannot recover.

4. "The jury are instructed that if they believe from the testimony that the defendant is liable to the plaintiff for damages, then in estimating such damages you may take into consideration the following elements: Loss of time to the plaintiff, if any; the physical and mental pain and suffering, which plaintiff has already endured by reason of such injury, if any; and also that which is reasonably certain will of necessity result in the future from such injury; the impairment of health resulting from such injury, if any; the pecuniary loss sustained up to the trial of this case, by reason

of such injury, if any, and the pecuniary loss due to inca-
pacity to earn in the future, if any.

Mr. Lee hands up written request.

Court: It is too late now.   You see I haven't got time to
consider the request, and it would be unfair to the Court to
shove up a request at this late moment to read to the jury.
Your requests are pretty full, nevertheless.   The defendant
asked me to charge the following propositions of law.    I
will state this, in a case of this kind or in any other case, for
that matter, it is impossible for the Court to announce all
the propositions of law in one sentence or one proposition;
therefore, you will take the whole charge as a whole; the
different propositions announced and the requests are not
intended to be contradictory, but they may modify or qualify
one another.   The defendant asked me to charge you the
following propositions:

1. "Negligence is a mixed question of law and fact, and
is defined to be want of due and proper care under the par-
ticular circumstances."

I charge you that.   I have already charged you that.

2. "In every case involving negligence there are neces-
sarily three elements to its existence: (1) The existence of a
duty on the part of the defendant to protect the plaintiff
from injury; (2) failure of the defendant to perform that
duty; and (3) injury to the plaintiff from such failure of
the defendant."

I charge you that, gentlemen.

3. "It, therefore, follows that the plaintiff in this case
cannot recover merely by showing that there was a defect in
the machinery operated by him; this must be shown, but in
addition, the jury must be satisfied by the preponderance of
the evidence that the plaintiff was injured as the result of
such defective machinery so operated by him."

I charge you that in connection with what I have already
charged you in regard to the presumption of negligence

where injury results from defective appliances and machinery.

4. "I charge you that the defendant in this case was not required to furnish the plaintiff an absolutely safe and secure place to work, and absolutely safe and secure appliances with which to work. The law required it to furnish only a reasonably safe place to work and reasonably safe appliances with which to work. A suitable appliance is an appliance reasonably safe and proper, or reasonably free from defects which render it dangerous to operate. If, therefore, the jury find from the testimony in this case that the defendant did furnish the plaintiff a reasonably safe and secure place to work and reasonably safe and secure appliances with which to work, then the verdict must be for the defendant, even though the jury find that the plaintiff was injured while operating said machinery, for the master is not an insurer of his servant against injury."

I will charge you that, gentlemen.

I will have to refuse the fifth, Mr. Lee, because of my opinion of the law.

6. I charge you, "I charge you, further, as a matter of law, that a master is entitled to a reasonable time after he discovers a defect in machinery or appliances in which to repair the same before he can be held liable to his servant for injuries resulting from such defects, provided he has used due diligence and care in discovering such defects."

8. "I charge you that an employer is required to furnish the servant a reasonably safe place to work and reasonably safe appliances with which to work, and if he does this, he may then expect the servant to call attention to any defects that may appear or any repairs that may become necessary so far as due care on the part of the servant will discover them."

I charge you that.

Now, gentlemen, this is a matter, I take it, that you understand, like I have charged you. If you don't, you must

make your best efforts to understand it, and if after your own efforts you don't understand it, it will be your duty to come back or rather report and come back and ask for further instructions, to understand any part of the charge.

The form of your verdict will be, "We find for the plaintiff" so many dollars, writing it out in words and not in figures, remembering you cannot go beyond ten thousand dollars, because that is the amount asked in there; whatever amount you come to the conclusion he is entitled to under the law, if you find he is entitled to recover, you write it out in words and not in figures; or, "We find for the defendants." Whatever verdict you write, write it on this paper— this blue paper, and sign your name and add the word foreman under it.

The exceptions were as follows:

1. Because his Honor erred, it is respectfully submitted, in refusing to continue this case on motion of one of the defendant's attorneys, it having been made to appear to the Court that defendant's senior counsel, John A. Kelley, Esq., who was experienced in such cases and was in thorough touch with this case, and was expected to have charge of the conduct of the trial, had suddenly taken seriously ill and was physically unable to leave his room, and thus prevented from attending the trial of the case.

2. Because his Honor erred, it is respectfully submitted, in excluding the testimony offered by defendant to show that no other accident like the one in question had ever occurred at defendant's lumber plant under the same circumstances and conditions; it being respectfully submitted that such testimony was competent, relevant and material, as tending to show: First, that the accident in question did not happen as alleged in the complaint; second, that the defendant was not guilty of negligence in allowing plaintiff to shift the belt mentioned in the complaint in the way it was shifted;

and, third, that the appliance used by plaintiff in shifting said belt was reasonably safe.

3. That his Honnor erred, it is respectfully submitted, in requiring the negro witness, E. J. McCollum, over the objection of the defendant, to testify as follows: "Mr. Logan: Q. What are your wages there? Mr. Lee: That is irrelevant.   Q. I don't know whether it is or not.   What are your wages? A. I don't usually tell my wages unless asked.   Q. You are paid more than the white men around there, aren't you? A. I don't know.   Mr. Lee: I object. A. I don't know what their wages is.   Court: I think that would be competent; of course, I presume the object is to show that the witness is prejudiced.   Mr. Logan: That's it, your Honor.   Q. I am asking you if you are not paid well by this lumber company? Aren't you one of the highest paid witnesses down there? A. I don't know what the white men get.   Q. You don't know what the white men get? A. No, sir.   Q. You don't know what they are getting now? A. No, sir.   Q. What do you get? I will show what they get.   A. I don't usually tell my wages. Court: You will have to answer.   A. I get fifty-five dollars a month."

The error being that said testimony was totally irrelevant and immaterial and was brought out by plaintiff's counsel solely for the purpose of appealing to the prejudice of the jury; it is apparent from the language used by plaintiff's attorney in propounding his questions, that said testimony was not being brought out to show the bias of the witness, but on the contrary, that he was seeking to bring out said testimony for no other purpose than to show that this negro witness was paid higher wages than some of the white employees of the mill, and thus prejudice the minds of the jury against the defendant to its damage, all of which was incompetent and improper and should not have been allowed by the presiding Judge.

16—99

4. Because his Honor erred, it is respectfully submitted, in allowing the plaintiff, over the objection of the defendant, to testify as follows:

"I want to ask you whether in that same mill they covered those places, the pulleys, and if they used or did not use a shifter or lever? At the sawmill machines they got down there they got places covered and fixed a shifter in it; ain't a bit of danger or nothing in the world; ain't got no stick to shove them off, but got levers to shift them from a place covered there. Court: You mean a place covered over the pulleys? A. The belts up here and the shifter covered. Q. And have the belt there and shifter? A. Yes, sir. Q. The belt covered and the shifter? A. Yes, sir. Q. Is that right? A. Yes, sir. Court: Shifter is working with a lever, isnt it? Mr. Davis: Yes, sir. Court: I wanted to get it in my own mind."

The error being that said testimony was incompetent and irrelevant relating as it did to the machinery in other parts of defendant's plant, it not having been shown that the conditions and circumstances surrounding such other parts of the plant were the same as those which surrounded the machine at which plaintiff sustained his injury.

5. Because his Honor erred, it is respectfully submitted, in charging the jury as follows:

"I charge you in order to get it before you, that when it appears that a servant is injured by defective machinery or appliances furnished by the master, it is presumptive negligence on the part of the master, and the burden is on the master to remove it," etc.; it being respectfully submitted that no presumption of negligence on the part of the master arises from proof of injury from defective machinery or appliances in this case.

6. Because his Honor erred, it is respectfully submitted, in refusing to charge defendant's fifth request, which is as follows:

I charge you, further, as matter of law, that the defendant in this case is not liable to the plaintiff for injuries to him arising from defects in the place for work, or in the machinery or appliances, of which defect it had no knowledge prior to the time of the accident. In other words, if you find from the testimony in this case that the alleged defect in the belt in question did not exist prior to the time of the accident, or if it did and the defendant had no knowledge of it, then I charge you as matter of law that your verdict must be for the defendant. The reason of this is there can be no negligence where there is no knowledge of the defects on the part of the person charged with the negligence; it being respectfully submitted that said request contains a sound proposition of law, applicable to the facts in this case, and his Honor should have so charged the jury.

·7. Because his Honor erred, it is respectfully submitted, in not granting defendant a new trial upon the first ground set·out in the motion for a new trial, as follows:

Mr. Lee: The first ground of the motion for a new trial is that the Court should have continued the case upon the showing made, that Captain Kelley was engaged in the suit, and that the case should have been continued beyond this Court when Capt. Kelley was taken seriously ill during the term of the Court, and it further appeared that he advised with and was in charge of the case, and that I myself couldn't go along without his assistance, co-operation and advice; it being respectfully submitted that his Honor, the presiding Judge, should have granted a new trial when it was made to appear to him that the case had been commenced recently; that defendant's senior counsel, who was in thorough touch with the case and who was expected to have charge of the conduct of the trial, and suddenly taken seriously ill and was unable to attend the trial; that defendant's other attorney was gravely embarrassed and labored under serious disadvantage in the trial of the case on account

of the absence of said senior counsel, which operated to the injury of the defendant and to the detriment of its case.

8. Because his Honor erred, it is respectfully submitted, in modifying defendant's third request to charge by adding, "I charge you that in connection with what I have already charged you in regard to the presumption of negligence where injury results from defective appliances and machinery;" the error being (a) that in so modifying defendant's request his Honor completely annulled the force and effect of the same and, therefore, denied to the defendant the benefit of having the instruction contained in said request submitted to the jury unincumbered; (b) that said modification was wholly uncalled for and unnecessary and injured defendant's case before the jury; (c) that in so modifying said request and in using the language quoted, his Honor indicated to the jury his opinion that the burden was upon the defendant to show that it was not negligent, whereas it should have been left entirely to the jury to say whether or not the plaintiff had made out a *prima facie* case, and (d) that said language contains an erroneous proposition of law.

9. Because his Honor erred, it is respectfully submitted, in allowing plaintiff's attorneys in their arguments to the jury to vigorously reiterate and repeatedly stress the fact that the negro, E. J. McCullom, was paid by the defendant $55.00 per month as wages while some of defendant's white employees received less than one dollar per day; it being respectfully submitted (a) that such argument was improper, unjust and unfair to the defendant; (b) that the testimony of McCullom was admitted by the Court for the stated purpose of showing the bias of the witness and was vigorously used by plaintiff's attorneys to appeal to the passions of the jurors for the purpose of obtaining sympathy for the plaintiff, who was a white employee of defendant receiving, at the time of the accident, less than a dollar per day, and for the further purpose of creating in the minds of the jurors a strong prejudice against the defendant, and

(c) that appellant verily believes that the said improper argument so used by plaintiff's attorneys, had a tremendous influence upon the jurors, and that as a result of such argument, the jury, in rendering its verdict, was actuated by prejudice against the defendant.

10. Because his Honor erred, it is respectfully submitted, in refusing to receive and charge the following written request submitted by defendant's attorney, to wit:

"I charge you that if you find from the testimony in this case that the plaintiff's injury was caused by his stepping over a pulley while it was in motion, and not as alleged in the complaint, then your verdict must be for the defendant. For the plaintiff must recover, if he recovers at all, upon the cause of action alleged in the complaint, that is, he must satisfy you that he was injured in the manner and under the circumstances set out in the complaint, in order to justify you in finding a verdict for him."

The error being (a) that said request was suggested by the arguments of one of plaintiff's attorneys and it was, therefore, not necessary that said request should have been submitted before argument of the case was commenced as stated by the Court; (b) that said request contains a sound proposition of law applicable to the facts in this case and was submitted in direct response to the argument of plaintiff's attorney; (c) that his Honor should have received said request and given defendant's attorney an opportunity to explain why it was not offered before arguments were commenced, and (d) his Honor erred in not holding and in not receiving and charging the jury said written request.

11. Because his Honor erred in not instructing the jury that if they should find from the testimony that plaintiff's injury was caused by his stepping over a pulley while it was in motion and not as alleged in the complaint, then their verdict must be for the defendant; it being respectfully submitted that plaintiff's attorney having argued to the jury that they should find a verdict for the plaintiff even though

they should conclude that he was injured by stepping over a pulley in motion and not as alleged in the complaint, it was the duty of the Court to charge the jury, in response to said argument, whether requested to do so or not, that plaintiff must recover upon the acts of negligence alleged in the complaint and that he could not recover if the jury should find that he was injured otherwise than as alleged in the complaint, and that his Honor erred in not so holding and in not so charging.

*Messrs. Leroy Lee* and *Kelley & Hinds,* for appellant, submit: *Refusal to continue case an abuse of discretion:* 50 S. C. 403; 4 Enc. Pl. & Pr. 841. *Testimony no accidents of the kind alleged that ever occurred with machinery in question:* 44 S. C. 442; 26 Cyc. 1450; 32 So. 283; 56 N. Y. Supp. 275. *Testimony as to wages of employee witness irrelevant:* 69 S. C. 360; 32 S. C. 538; 92 S. C. 236. *Testimony as to machinery in other mills:* 26 Cyc. 1433; 189 Mass. 498; 26 R. I. 180; 41 So. 856. *Master's knowledge of defects essential:* 35 S. C. 405; 15 S. C. 443; 26 Cyc. 1142; 29 Cyc. 430. *Argument improper and prejudicial:* 2 Enc. Pl. & Pr. 744; 72 Tex. 643. *Additional requests to charge under Rule XI of Circuit Court, was proper:* Watson Damages 830; 91 S. C. 147. *Duty of Court to declare the law:* 52 S. C. 292.

*Messrs. Logan & Grace, Davis & Wideman, Hirsch & Hirsch,* for respondent, submit: *Continuance was in proper discretion of the Court:* 79 S. C. 85; *Ib.* 548, 549. *Exclusion of evidence not reversible error unless prejudicial:* 90 S. C. 425. *Whether relevant to be determined by trial Judge:* 17 S. C. 129; Greenleaf Ev. (15th ed.), sec. 437. *Objection to argument waived by failure to call attention to it at the time:* 138 U. S. 361; 91 S. C. 144. *Request not tendered until during the charge is too late under C. C. Rule 11:* 88 S. C. 164; 92 S. C. 175; 94. S. C. 216.

August 6, 1914.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The record contains the following statement:

"This action was commenced on the 28th day of August, 1913, by service of the usual summons and the complaint hereinafter set out, and is an action for $10,000 damages, on account of personal injuries sustained by plaintiff, alleged to have been caused by defendant, failing to provide plaintiff a reasonably safe place to work, and a reasonably safe appliance to work with, in the following particulars, to wit:

(a) In causing and allowing plaintiff to use a stick, for the purpose of stopping the machinery.

(b) In causing and allowing a belt to become worn, so as to catch said stick.

(c) In failing and omitting to use such precautions, as under the circumstances, would have prevented injury to plaintiff. The defendant entered a general denial. The case was called for trial before his Honor, Judge T. S. Sease, and a jury, at the November term, 1913, of the Court of Common Pleas for Williamsburg county, at which time a motion was made for a continuance, on the ground that one of the defendant's attorneys, Capt. John A. Kelley, who was experienced in such cases, and who was expected to take charge of this case, and conduct the trial, had been taken suddenly ill, was confined to his bed, and could not attend the trial. This motion was overruled and the case ordered to trial. A jury was empanelled. The case was tried, and the jury rendered a verdict for the plaintiff for $5,000. A motion for a new trial was immediately made and argued on the grounds herein set forth, which motion was overruled, and judgment was duly entered against the defendant. Due notice of intention to appeal from said judgment, and from the rulings complained of in the exceptions, was given by defendant's attorney, and exceptions served in due time."

The exceptions will be incorporated in the report of the case, and considered in regular order.

*First Exception.* A motion for a continuance, is addressed to the discretion of the presiding Judge, and the appellant's attorneys have failed to satisfy this Court, that it was erroneously exercised.

*Second Exception.* The relevancy of testimony as to a collateral issue, must necessarily be left, in large measure, to the discretion of the presiding Judge in conducting the trial; and it has not been made to appear, that the ruling was prejudicial to the rights of the appellant.

*Third Exception.* His Honor, the presiding Judge, ruled that the testimony was admissible for the purpose of showing that the witness was prejudiced, which precludes the idea, that it was ruled to be admissible, for the purpose of appealing to the prejudice of the jury.

*Fourth Exception.* What was said, in considering the second exception, disposes of this exception.

*Fifth Exception.* The only error assigned is, that "no presumption of negligence on the part of the master arises from proof of injury, from defective machinery or appliances, in this case;" whereas the appellant's attorneys in their argument contend, that his Honor, the presiding Judge took from the jury the consideration of the question whether the machinery was defective.

It is only necessary to refer to the record to show that this view of the charge is untenable.

*Sixth Exception.* In ruling on the motion for a new trial, the presiding Judge thus stated his reasons, for refusing the appellant's 5th request:

"I charge all the propositions submitted by the defendant except one, which requested me to charge, that if the defendant did not know of the defect, why, then, he could not be held liable for it. Under my view of the law, that is

not the law.   If the request had said, he did not know it or could not have known it after due diligence, and after observation of due care, then he would not be bound by it, but the request was defective in that particular; and as to the next request, which I did charge, the defendant had lost nothing in regard to that—no instruction of that kind given to the jury.   The motion will have to be overruled."

The case of *Branch* v. *Ry.,* 35 S. C. 405, 14 S. E. 808, shows, that reason assigned by the Circuit Judge, for refusing to charge said request, was free from error.

Furthermore, the defendant's 6th request, which was charged, and the charge in its entirety, show that any error was not prejudicial.

*Seventh Exception.* In refusing the motion for a new trial, on the ground that there was error, in not granting the motion for a continuance, the Circuit Judge stated his reasons, as follows:

"*Court:* The motion is made on two grounds.   First, that Capt. Kelley was not present at the trial, which is to be regretted, on account of his illness, but there is no assurance that Capt. Kelley would ever have been able to have appeared in the case, as appears in the conduct of a case before, two cases—one case before this—two or three cases before that, led me to believe he was not at himself, and his age and appearance, also, tended to show that he in fact would not have appeared in this case, if it had been continued.   Besides the counsel who were conducting this case, had notes to which he referred constantly; he developed the testimony logically and promptly, and made the cross-examination as best they could and no one could have done better. His case was completely handled, and I never saw a case in Court handled any better, and his argument to the jury was superb.   I don't care if Capt. Kelley or twenty other lawyers had been here, the case would not have been handled any better   He had his notes over there, and had it so logically made that once he called a witness and sent him

back and took his list and called the proper witness, under the heading he had noted down, which was correct."

Subsequent events showed clearly that the views entertained by his Honor, the presiding Judge, in regard to the condition of Capt. Kelley were erroneous, for the probable reason, that he was not well acquainted with him. As a matter of justice to Capt. Kelley, it gives us pleasure to state that we regard him as an able and laborious lawyer, of highest integrity, and possessing every qualification necessary to commend his professional services to those in search of counsel.

We, however, are satisfied that as Mr. Lee was prepared and in all respects, fully capable of representing the defendant, the Circuit Judge did not erroneously exercise his discretion, in refusing the motion for a continuance.

*Eighth Exception.* The modification simply admonished the jury that the proposition contained in the request, was to be considered in connection with other portions of the charge.

*Ninth Exception.* There is nothing in the record, showing that the plaintiff's attorneys, commented on the testimony for any other purpose, than that for which it was held to be admissible.

*Tenth Exception.* The presiding Judge refused to consider the request, on the ground that it was not presented within the time required by rule XI of the Circuit Court and his ruling was free from error.

*Eleventh Exception.* It is unnecessary to cite authorities to sustain the proposition, that the presiding Judge was not bound to charge the law mentioned in the exception unless there was a request to that effect.

Judgment affirmed.

MESSRS. JUSTICES WATTS and FRASER concur in the opinion of the Court.

MR. JUSTICE HYDRICK, *dissenting.* I think the second, third and ninth exceptions should be sustained, and a new trial granted.

MR. JUSTICE GAGE, *also dissenting.* I am of the opinion, that the sudden disability of Capt. Kelley, on the eve of the trial, entitled the defendant to a continuance, at least beyond that day.

Therefore, I am for a new trial.