10650.

### STATE v. CASEY.

#### (108 S. E. 112)

CRIMINAL LAW—DENIAL OF NEW TRIAL FOR NEWLY DISCOVERED EVIDENCE
HELD ERROR.—In prosecution for murder, denial of new trial on the
ground of newly discovered evidence that deceased made threats
against defendant while on the way to defendant's house and that
at such time he had a pistol on his person *held error;* such testi-
mony not being merely cumulative, and being of a character that
might have affected jury in its consideration of the case.

Before SEASE, J., Spartanburg, July, 1920, and Mc-
IVER, J., Spartanburg, April, 1921. Reversed.

Dwynell Casey indicted for the murder of Guy Whitmore
and upon conviction with recommendation to mercy ap-
peals; and also from order of Judge McIver refusing a mo-
tion for new trial on after discovered evidence.

*Messrs. Nicholls & Wyche and Bomar, Obsorne &
Brown,* for appellant, cite: *Requisities in motion for new
trial on ground of after-discovered evidence*: 20 R. C. L.
290.

*Mr. I. C. Blackwood, Solicitor,* for respondent. Oral
argument.

June 30, 1921.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

The defendant was indicted, tried and convicted of mur-
der with recommendation to mercy at the April term of
Court for Spartanburg County, 1920, before Judge Sease
and a jury, and sentenced to life imprisonment. The de-
fendant-appellant thereafter made a motion before Presid-
ing Judge McIver for a new trial on after-discovered testi-
mony, which motion was overruled. From this order and

from the judgment and sentence appellant appeals. The exceptions question the correctness of Judge Sease's charge and the order of Judge McIver.

By the order of Judge McIver he finds:

"That the defendant and his counsel used due diligence, that they did not at the former trial have notice of the testimony now desired to be offered, and that the testimony is material. I am, however, of the opinion that the evidence submitted is largely cumulative, and would not probably have changed the verdict of the former trial, and for this reason it is ordered that the motion for a new trial be, and the same is hereby, overruled."

In view of the facts developed at the trial before Judge Sease and the nature and character of the new testimony, it is more than merely cumulative. It is material to the issue. It shows the mental attitude of the deceased, and substantiates and corroborates the defendant and his witnesses as to whether deceased was armed or not at the time he was on the premises of the defendant when the killing occurred.

It is of vital importance in the case, and might have vitally affected the jury in the consideration of the case, if it had been presented for their consideration at the trial. It might have influenced and probably might have changed their view, taking into consideration other facts and circumstances. As to whether or not deceased made threats while on his way to defendant's home, and whether or not he then had a pistol on his person, is evidence now of newly developed facts, and not merely cumulative, as held by his Honor, and, even if merely cumulaive, might have changed the result if submitted to the jury.

His Honor was in error in not granting a new trial.

The exceptions from the trial before Judge Sease are not considered. The exceptions from the order of Judge

McIver refusing a new trial are sustained, and his order reversed, and new trial granted.

New trial.

MR. JUSTICE COTHRAN, disqualified, having been of counsel in the case   .