## 11884

### STATE v. TRIPP

### (130 S. E., 888)

1. CRIMINAL LAW—NEW TRIAL FOR AFTER-DISCOVERED EVIDENCE IS IN DISCRETION OF CIRCUIT COURT, AND NOT REVIEWABLE SAVE FOR ABUSE. —Motion for new trial on after-discovered evidence is addressed to discretion of Circuit Court, and refusal of motion will not be reviewed unless it was an abuse of discretion, or exercise of discretion was controlled by some error of law.

2. CRIMINAL LAW—NEW TRIAL SHOULD BE GRANTED, IF AFFIDAVITS WOULD LEAD ANY REASONABLE MIND TO INFERENCE THAT NEWLY DISCOVERED EVIDENCE WOULD PROBABLY CHANGE RESULT.—Circuit Court should grant new trial, if affidavits filed would lead any reasonable mind to inference that newly discovered evidence would probably change result.

3. CRIMINAL LAW—REFUSAL OF NEW TRIAL FOR NEWLY DISCOVERED IMPEACHING EVIDENCE HELD ERROR.—Refusal of new trial after conviction for breach of trust with fraudulent intent *held* error, where affidavits showed newly discovered evidence tending to impeach principal witness for prosecution.

4. CRIMINAL LAW—REFUSAL TO CONSIDER AFFIDAVITS OF WITNESSES TENDING TO IMPEACH WITNESS FOR PROSECUTION HELD ERROR.—Refusal to consider affidavits of witnesses, filed on motion for new trial, tending to impeach principal witness for prosecution, *held* error.

Before RICE, J., Greenville, October, 1923. Reversed.

D. B. Tripp was convicted of a breach of trust with fraudulent intent and he appeals from a judgment denying a new trial.

*Messrs. Martin & Blythe* and *T. H. Munro,* for appellant, cite: *After-discovered evidence as ground for new trial:* 137 U. S., 113; 29 Cyc., 901. *After-discovered evidence impeaching former witness:* 16 S. C., 125.

*Mr. J. G. Leatherwood, Solicitor,* for respondent.

December 14, 1925.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE R. O. PURDY.

The defendant was convicted of a breach of trust with fraudulent intent, in the Court of General Sessions for Greenville County, in October, 1923.

The indictment charged that he, on the 9th day of November, 1919, received the sum of $52 from another, to pay interest on a certain mortgage, and that he fraudulently converted this sum to his own use. He was sentenced to serve two years at hard labor. He served notice of intention to appeal, but the appeal was dismissed for failure to perfect. He was not represented by counsel, but undertook to conduct his own defense.

On March 17, 1925, he filed a petition for a new trial on the ground of after-discovered evidence. It appears that one of the witnesses who testified against the defendant was T. C. Turner, who denied having written a letter to the defendant. This letter was not produced at the trial, and the defendant, in his petition, showed that it could not be found by diligent search, but that since the trial it had been found. The affidavits of T. H. Munro and John W. Skinner, tending to impeach the witness T. C. Turner, were offered, in addition to the affidavits of the defendant and of W. W. White, Jr.

The matter was heard before Hon. H. F. Rice, then presiding Judge, and the case on appeal shows that he made the following disposition of it:

"After hearing argument for and against, his Honor, Judge H. F. Rice, refused to grant a new trial, stating that he was not satisfied that the affidavits of D. B. Tripp (the defendant) and W. W. White, Jr., would have changed the result, if this evidence had been adduced at the trial, and that the other affidavits were not considered, as they merely tended to impeach the witness Turner."

From this ruling, the defendant has appealed upon four exceptions.

The first alleges error in this, that his Honor held that the

evidence of the defendant and White would not have changed the result if this evidence had been adduced at the trial, whereas he should have held that the rule was to grant a new trial if, in the judgment of a reasonable person, this evidence was sufficiently important, if believed, to make it probable that a different verdict would be returned by another trial.

The second exception imputes error in the refusal of his Honor to consider the affidavits of T. H. Munro and John W. Skinner, as merely tending to impute the witness Turner.

The rule in such cases is laid down as follows:

1　"The rule is well settled that a motion for a new trial on after-discovered evidence is addressed to the discretion of the Circuit Court, and the refusal of such motion will not be reviewed, unless it appears that there was an abuse of discretion, or that the exercise of discretion was controlled by some error of law." *Mills v. A. C. L. R. Co.,* 87 S. C., 152; 69 S. E., 97, cited in same volume in *State v. Bradford,* at 549; 70 S. E., 308.

In disposing of a motion for a new trial, in *Wardlaw v. Oil Mills,* 74 S. C., 376; 54 S. E., 658, 114 Am. St. Rep., 1004, the Court says:

"It does not clearly appear that the new evidence would affect the result; but, aside from that, the affidavit fails to satisfy the Court that the D. A. Tompkins Co. used due diligence to discover this evidence before trial."

And in treating of a motion for a new trial in *State v. Bradford,* 87 S. C., 549; 70 S. E., 308, the Court says:

"It cannot be said, therefore, that the affidavits must necessarily lead any reasonable mind to the inference that the newly discovered evidence would probably change the result. Nothing short of this would justify the conclusion that the Circuit Court abused its discretion in refusing the motion."

We take it that the well-settled principle in reference to this subject in this State is that the test is whether the affidavits filed would lead any reasonable mind to the inference that the newly discovered evidence *would probably change the result.* Therefore the evidence must be viewed in the light of the probable result on the minds of the jury, and, in this view, there was error on the part of his Honor in not granting a new trial. In support of the contention that there was error in refusing to hear the affidavits of Munro and Skinner, the appellant cites the following, from the case of *Durant v. Philpot,* 16 S. C., 125:

"The fourth ground of appeal is based upon the proposition that a new trial should not be granted on the ground of newly discovered evidence, the effect of which is to impeach or contradict a witness examined at the former hearing. Whatever may be the rule elsewhere, it is quite certain that such is not the rule in this State, nor does it seem to be the rule in rule in England. In Levingsworth ads. Fox, 2 Bay, 520, a new trial was granted because evidence was discovered after the trial, showing that one Rountree, a witness who had testified at the former trial, was interested in the event of the suit, though he had stated, when examined on his *voir dire,* that he had no interest. In *Durant v. Ashmore,* 2 Rich., 184, a new trial was granted on the ground of after-discovered written evidence, which might have affected the credit of a witness examined at the former trial. So, in *Fabrilius v. Cock,* 3 Burr, 1771, a new trial was granted because evidence was discovered after the former trial, going to show the subornation of witnesses who testified at the first trial."

His Honor should have considered these affidavits, and there was error in not so doing. The judgment of his Honor, Judge Rice, is reversed and a new trial is granted.

Reversed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and COTHRAN concur.

MR. JUSTICE MARION (concurring in result): I concur in so far as this opinion states the principles of law applicable; but I think Judge Rice's conclusion that the affidavits of the defendant and of White embody no new evidence that would probably have changed the result of the trial is not so clearly erroneous as to warrant reversal. I think, however, there was error in refusing to consider the affidavits of Munro and Skinner, and, upon that ground, concur in the result of the leading opinion.