12237

WILLIAMSON v. PIKE

(138 S. E., 831)

1. MASTER AND SERVANT—WHETHER PERSONS SERVING AT FILLING STATION WERE AGENTS OF DEFENDANT HELD FOR JURY.—In action

against filling station owner for loss of customer's automobile
from fire, evidence *held* for jury on issue whether persons serving
plaintiff were .agents of defendant in fact òr by acquiescence.

2. MASTER AND SERVANT—ONE IN POSSESSION OF PROPERTY OF ANOTHER
AND USING IT IN HIS SERVICE IS PRESUMPTIVELY SERVANT OF OWNER.
—One who is in possession of property of another and who uses
it in the service of the owner is presumptively a servant of the
owner.

3. WITNESSES—EXCLUSION OF QUESTION ON CROSS EXAMINATION AF-
FECTING WITNESS' ATTITUDE TOWARD DEFENDANT HELD NOT ERROR,
IN VIEW OF PREVIOUS ANSWER.—In action for loss by fire of auto-
mobile at filling station, refusal to permit cross examination of
. witness for plaintiff, "Is it not a fact that you and (defendant)
have not been on friendly terms, but, on the contrary, that your
manner toward him has been positively hostile on account of what
you owe him for bread ·and meat?" *held* not error, witness having
already testified that he and defendant were on friendly terms
so far as he knew.

4. APPEAL AND ERROR—WITNESSES—CROSS EXAMINATION SHOULD BE
CONTROLLED LARGELY BY PRESIDING JUDGE; REFUSAL TO PERMIT
CROSS EXAMINATION AFFECTING TRIVIAL MATTER WILL NOT WORK
REVERSAL UNLESS ABUSE OF DISCRETION OR INTERFERENCE WITH
SUBSTANTIAL RIGHTS IS SHOWN.—Cross examination should be con-
trolled very largely by presiding Judge, and, unless an abuse of
discretion is shown or some substantial right of litigant is inter-
fered with, Appellate Court will not reverse simply because trivial
matters are not permitted to be gone into on cross examination.

5. TRIAL—DENIAL OF REQUESTED CHARGE AFFECTING DEFENDANT'S LI-
ABILITY FOR ACT OF THIRD PERSON ACQUIESCED IN BY AGENT HELD
NOT ERROR, IN VIEW OF CHARGE GIVEN.—In action for loss by fire
of plaintiff's car at filling station in charge of defendant's wife,
where there was evidence that plaintiff was served by persons
other than defendant's wife, denial of requested charge, "A person
is not required to object to actions unless it is proven that the
agent knew of them," *held* not prejudicial, in view of further
charge requiring finding that defendant's wife knew that a third
person or persons were serving plaintiff and acquiesced in such
service. .

6. NEGLIGENCE—INSTRUCTION HELD NOT ERRONEOUS AS DEFINING NEG-
LIGENCE AS FAILURE TO EXERCISE HIGH DEGREE OF CARE OR "TO BE
ON THE ALERT."—In action for loss of automobile by fire at filling
station in charge of defendant's wife, where it was shown that a
third person or persons other than defendant's wife served plain-
tiff, instruction, "The person must know of the act being com-
mitted, but he must be on the alert. He must not shut his eyes"—

*held* not erroneous as defining negligence as failure to exercise high degree of care or "to be on the alert."

7. EXPLOSIVES—INSTRUCTION ON NEGLIGENCE OF PERSON IN CHARGE OF FILLING STATION THAT ONE "MUST NOT SHUT HIS EYES" HELD NOT UNWARRANTED BY EVIDENCE.—In action for loss by fire of automobile at filling station in charge of defendant's wife, where evidence showed that third persons serving plaintiff helped themselves to lantern in store where defendant's wife was waiting on customers, instruction affecting negligence· that one "must not shut his eyes" *held* not erroneous on theory that it was· unwarranted by the evidence.

8. NEW TRIAL—DENIAL OF NEW TRIAL ON GROUND OF AFTER-DISCOVERED EVIDENCE HELD WARRANTED, IN ABSENCE OF APPLICATION FOR CONTINUANCE.—In action for loss of car by fire at filling station, denial of defendant's motion for new trial on ground of after-discovered evidence, consisting principally of testimony of one known to be a material witness and who was subpœnaed but failed to appear, *held* warranted, in the absence of any motion for continuance or offer of affidavit as to such witness' testimony.

9. NEW TRIAL—TO WARRANT NEW TRIAL FOR NEWLY DISCOVERED EVIDENCE, DUE DILIGENCE AND PROBABLE CHANGE IN RESULT MUST BE SHOWN.—A litigant seeking new trial on ground of after-discovered evidence must not only show that the evidence is .newly discovered, but also that it would probably change result and that he has not been lacking in due diligence.

Before ANSEL, J., County Court, Greenville, May, 1926.

Action by J. A. Williamson against J. E. Pike. Judgment for plaintiff, and defendant appeals.

*Messrs. Dean, Cothran & Wyche,* for appellant, cite: *When master liable for acts of servant:* 39 C. J., 1272; 26 L. R. A., 739; 102 S. C., 146. *Proper to admit evidence showing witness prejudiced or biased:* 99 S. C., 231; 30 A. & E., 1091; 39 So., 371. *Evidence must be viewed in the light of probable result on the minds of the jury, opinion of Court controlling; error to refuse new trial:* 133 S. C., 294; 130 S. E., 888.

*Mr. J. Robert Martin,* for respondent, cites·: *Grounds· for nonsuit:* Circuit Court rule, 18; 98 S. C., 291. *Presumption of agency:* 68 S. C., 13; 102 S. C., 146; 97 S. C., 171; 124 S. C., 342; 127 S. C., 351; 76 S. C., 539. *In*

*discretion of Court to prevent counsel from asking intimidating questions to witnesses while on stand:* 40 Cyc., 2661, 2672; 92 So., 528; 39 So., 371; 121 N. W., 791. *The Court only held defendant to exercise of ordinary care and defendant, taking the entire charge, must show prejudice:* 93 S. C., 420; 96 S. C., 385; 103 S. C., 343; 108 S. C., 397; 134 S. C., 412; 134 S. E., 252. *Failure to conform to Circuit Court rule II:* 124 S. C., 473; 99 S. C., 250; 78 S. C., 398. *Granting of new trial on after discovered evidence in discretion of trial Court:* 134 S. E., 518; 131 S. C., 25; 70 S. C., 448; 95 S. C., 474; 109 S. C., 295; 74 S. C., 376.

July 12, 1927.

The opinion of the Court was delivered by Mr. Justice Blease.

The title of this cause as shown on the "transcript of record" which comes to this Court is, "J. E. Pike, Appellant, against J. A. Williamson, Respondent." The record itself shows the title to be erroneous. The plaintiff, J. A. Williamson, is the respondent, and the defendant, J. E. Pike, is the appellant. We have given this opinion what we think is the proper title of the cause.

The essential allegations of the plaintiff's complaint, necessary to a determination of the appeal, are these: Pike, the defendant, owned and operated, in connection with his mercantile establishment, a filling station on the National highway, leading from Greenville to Hendersonville, N. C.; plaintiff, Williamson, with two companions, stopped his Ford touring car at the filling station in the early night of October 14, 1924, for the purpose of securing oil and gasoline. While the car was being supplied with gasoline, a fire occurred, which practically destroyed plaintiff's automobile. He alleged that his damages were caused by the negligence and recklessness of the defendant, his agents, and servants. The defendant in his answer admitted that he owned and

operated a filling station, but denied the other allegations of the complaint.

The trial was in the County Court of Greenville County before Hon. M. F. Ansel, County Judge.

After all the evidence was in, plaintiff withdrew his claim for punitive damages. The verdict of the jury was in favor of the plaintiff for $180. The defendant has appealed to this Court on exceptions, which will be referred to later.

The first and second exceptions may be disposed of together. The first charges error in the refusal of defendant's motion for a nonsuit, and the second complains of error in the failure of the Court to grant defendant's motion for a directed verdict at the close of all the evidence. The specifications of error in these two exceptions are the same. The first is that there was no testimony that the person alleged to have been guilty of negligence was the agent or servant of the defendant, or that the defendant had any knowledge of his being at the filling station. The second is, that the testimony showed that plaintiff's loss was caused by the independent act of a third person, for which the defendant is not responsible. These exceptions require an examination of the testimony favorable to the plaintiff.

We find evidence to show the following facts: Defendant was absent temporarily from his place of business. His wife was in charge. Frequently she assisted her husband in conducting the business, and oftentimes managed it in his absence. One Neighbors, who was a peace officer in the discharge of his duties, frequently visited defendant's place, and, in some instances, without remuneration, served customers who purchased gasoline and oil. On the night of the fire, plaintiff, with two companions, went to the filling station to purchase gasoline and oil for the Ford car of plaintiff, in which the three were traveling. Plaintiff had not stopped at the place formerly. When plaintiff arrived at the filling station, Neighbors and one Marchbanks, per-

sons not known to plaintiff, were sitting in front of the store. Plaintiff called for gasoline, and Neighbors and Marchbanks went to serve him. Plaintiff and his companions went into the store for cold drinks, and were served by the wife of the defendant. While in there, some one on the outside asked Mrs. Pike for the gas lantern. She did not make any reply to this call, but one of the men took the lantern from the store and carried it to the filling station, where it was placed by Neighbors on the seat of the automobile. The gasoline tank of the automobile was under the seat of the car. Within a moment or two, while plaintiff and his companions were still within the store, the automobile was set on fire by an explosion of gasoline and almost totally destroyed. Mrs. Pike may have known and seen the man carry the lantern from the store, and may have had knowledge that Neighbors and Marchbanks were attending to the car of the plaintiff. She entered no objection to these services being rendered by them. She had known formerly of like services being performed by Neighbors, made no objection thereto, and accepted money he collected from customers.

In the case of *Osteen v. S. C. Cotton Oil Co.,* 102 S. C., 146; 86 S. E., 202; L. R. A., 1916-B, 629, the following was held:

"One who is in possession of property of the owner, and who uses it in the service of the owner, is presumptively a servant of the owner." (Syllabus.)

The principle announced in the *Osteen* case has been approved in other cases. See *Keen v. Army Cycle Mfg. Co.,* 124 S. C., 342; 117 S. E., 531, and *Burbage v. Curry,* 127 S. C., 349; 121 S. E., 267.

Under the authority of the cited cases, we think the facts reviewed by us were entirely sufficient to sustain the action of the County Judge in sending the case to the jury.

The third exception imputes error to Judge Ansel because he refused to allow defendant's counsel on cross examination of C. B. Bridges, a witness for the plaintiff, to ask the following question:

"Is it not a fact that you and Mr. Pike have not been on friendly terms, but, on the contrary, that your manner toward him has been positively hostile on account of what you owe him for bread·and meat?"

The record shows that a little prior to the asking of the question referred to, defendant's attorney asked Mr. Bridges this question: "You and Pike are not on very friendly terms?" The witness replied, "So far as I know we are."

There was no objection to the line of examination on the part of plaintiff's counsel. The County Judge ordered the examination to go no further along the line indicated.

There is nothing in the record before us to show that the defendant, or any other witness, testified in any way in reply to the statement of Bridges as to the friendly relations between him and the defendant, as sworn to by Bridges, and there is no contradiction of the statement of Bridges that so far as he knew he and the defendant were on good terms.

The appellant cites one of our cases, *Cutter v. Lumber Co.,* 99 S. C., 231; 83 S. E., 595, in support of his exception. In that case, a negro witness for the lumber company was asked by plaintiff's counsel questions as to the wages paid him by the lumber company, and if such wages were not higher than those paid to white men employed by the same company. Over defendant's objection, the questions were allowed. It was urged on appeal that plaintiff brought out this testimony, not for the purpose of showing bias on the part of the witness, but in order to prejudice the minds of the jury against the defendant because it paid negro laborers more for their services than it paid its white employees. This Court held that it appeared that the testimony was ruled admissible for the purpose of showing prejudice on the part of the witness, and not for the purpose of appealing to the

prejudice of the jury. We do not regard that case as being in support of the appellant's contention.

It is true that formerly it was held that cross examination should be full and free, but of recent years the disposition of this Court has been to hold in many instances that cross examination should be controlled very much by the presiding Judge, and unless an abuse of discretion is shown, or some substantial right of a litigant is interfered with, that this Court will not reverse simply because trivial matters are not permitted to be gone into on cross examination. Mr. Justice Cothran, speaking for this Court, has well announced what we conceive the rule on this matter now to be, when he used this language:

"Considerable latitude is allowed in the cross examination of a witness (always within the control and direction of the presiding Judge) to test the accuracy of his memory, his bias, prejudice, interest, or credibility." *State v. Thompson,* 118 S. C., 191; 110 S. E., 133.

Again, it may not well be said that because one man owes money to another, that the debtor thereby would have bias or prejudice against his creditor. Indeed, it might be well argued that because of the debt the debtor would feel under obligation to his creditor. A holding in support of this last statement was made in *Wilson v. Palmetto National Bank of Columbia,* 113 S. C., 508; 101 S. E., 841, where it was decided that the Circuit Judge did not commit error in keeping off the jury persons who were indebted to the defendant bank, on the ground that such jurors might feel under obligation to the bank.

In view of the statement of the witness, that so far as he knew the defendant and he were on good terms, and since there was no testimony offered in contradiction of this statement, it is our opinion that there was no abuse of discretion on the part of the County Judge, and the exception mentioned we hold to be without merit.

It is alleged by the fourth exception of the appellant that the County Judge erred in refusing to charge this request submitted by him: "A person is not required to object to actions unless it is proven the agent knew of them." We have not found in the record where this request was refused, or that it was submitted to the Court. Since there is no question on the part of the respondent about the matter, we presume that it was submitted. We think, however, that the charge of the Judge was sufficiently clear to let the jury understand fully the principle of law contained in the request. In one instance, at the request of the defendant, he instructed the jury as follows:

"In any event, you must find from the evidence that Mrs. Pike had knowledge of the fact that a third person or persons were serving the plaintiff and acquiesced in such service before the defendant can be held liable."

In another place the jury were told:

"You are to say what was done and by whom and what authority was had—all those are questions for you to decide."

Taking the charge as a whole, we think the Judge covered the request which the defendant complains should have been given.

The County Judge used the following language to the jury:

"The person must know of the act being committed, but he must be on the alert. He must not shut his eyes."

Because of the instruction quoted, the appellant contends that there was reversible error. He alleges that because of the language used the defendant was not held for negligence in failure to exercise due care, but that negligence was defined to be a failure to exercise that high degree of care as "to be on the alert." It is further contended by appellant that there was no evidence that the defendant, or any of his agents, "shut his eyes," and that the remark of the Court was prejudicial.

The remarks of the presiding Judge were made in re-
sponse to an oral request of defendant's counsel for further
instructions to the jury. The Court was asked to tell the
jury that a person is not required to object to actions unless
it is proven the agent knew of them. Following the lan-
guage of the Judge complained of, the Court further in-
structed the jury as follows:

"If the evidence shows such a frequency of other persons
performing such acts which were acquiesced in by the party
in charge then they would be liable for any injury or dam-
age, if any occurred. That comes in under the question of
acquiescence."

Taking the last quoted statement in connection with the
language which is stated to have been erroneous, and taking
the whole charge into consideration, it is our opinion that
the jury were not misled, and that there was no prejudicial
error.

The sixth exception relates to the refusal of the trial
Judge to grant defendant's motion for a new trial,
based upon after-discovered evidence. That motion
was based upon affidavits as to two matters, one as to the
value of the automobile and the other as to the manner in
which the fire was started.

The plaintiff testified at the trial that the value of his
automobile was $250; that after the damages caused by the
fire that he sold it for $20—therefore his loss was $230.
Another witness estimated the value of the car before the
fire at between $275 and $300, and that the automobile was
"junk" after the fire. J. M. Neighbors, who did not testify
at the trial, made an affidavit thereafter that the plaintiff
said in his hearing that he had bought the car for a price of
between $125 and $175. In his affidavit, Neighbors also
gave his account of the facts as to the burning of the car,
and denied that he had any authority to act for Mr. Pike.
Further, that the parties in the automobile were under the
influence of intoxicating liquors; that the plaintiff was
smoking a cigarette, and in the opinion of the affiant that

the fire started from the cigarette and not from the lantern. Neighbors further swore that although he was subpœnaed as a witness for the defendant, he did not attend the Court because of rumors that the plaintiff had stated that if he did not recover damages against Pike that he would then bring a suit against Neighbors, and he thought that he might jeopardize his own interest by testifying in Pike's case. One Gowans made affidavit that some one who represented himself as the owner of the automobile told him right after the fire that the fire occurred because some one had struck a match. The defendant, Pike, made affidavit that he did not know of the evidence which Gowans could give, and that he did not know what Neighbors would testify, as Neighbors would not make a statement to him about the facts and circumstances surrounding the burning of the car until after the trial of this cause.

In support of his contention that a new trial should have been granted on the grounds stated, the appellant cites the cases of *State v. Tripp,* 133 S. C., 294; 130 S. E., 888, and *State v. Casey,* 116 S. C., 280; 108 S. E., 112.

In the *Casey case,* a new trial was granted where the defendant was convicted of murder, because this Court held that the after-discovered evidence was of such a character that might have affected the jury in its consideration of the case. In that case, the Circuit Judge denied the motion, although he found the defendant and his attorneys had exercised due diligence and that they had no notice until after the conviction of the testimony they desired to offer.

In the *Tripp case,* on motion for a new trial, the Circuit Judge refused to consider certain affidavits, and this Court held that therein he committed error. It was held in that case, however, that a motion for a new trial on after-discovered evidence is addressed to the discretion of the Circuit Court, and refusal of the motion will not be reviewed unless there was an abuse of discretion, or if the exercise of that discretion was controlled by some error of law. It was fur-

ther decided that the Circuit Court should grant a new trial
if affidavits filed would lead any reasonable mind to the
inference that the newly discovered evidence would probably
change the result of the cause.

We think the holdings of the *Tripp* and *Casey cases*
have not affected the former numerous holdings of
this Court, that it is incumbent upon a litigant who
seeks a new trial on after-discovered evidence not only to
show that the newly discovered evidence would probably
change the result of the cause, but in addition thereto due
diligence on his part.

In this cause, the defendant knew that Neighbors was a
material witness. He had him summoned to appear at the
Court. He knew that he was not in attendance. He made
no motion for a continuance, and he did not offer any affi-
davit as to what Neighbors would testify. The affidavit of
Gowans did not contain any material evidence, and it is
doubtful if his evidence could have been admitted. He did
not know the plaintiff, and simply swore that some one who
represented himself to be the plaintiff stated that the cause
of the fire was due to a lighted cigarette. The testimony of
Neighbors as to the plaintiff's statement of the value of the
car would not have likely changed the result. Even if the
plaintiff had paid only $125 for the automobile, it might
have been worth $180, the amount found by the jury, or
$250, as testified to by the plaintiff. We cannot hold, under
the circumstances here, that there was any abuse of the dis-
cretion of the trial Judge.

The judgment of this Court is that all the exceptions be
dismissed, and that the judgment of the lower Court be and
the same is hereby affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTH-
RAN, STABLER and CARTER concur.