STATE v. HENDERSON.

1. CRIMINAL LAW—PRACTICE—INDICTMENT.—A general verdict of guilty on an indictment containing one good count will be sustained.
2. WITNESS—IBID.—To CONTRADICT a witness by contrary statement, he must be admonished as to time, place, and person, but not as to purpose. *Following State* v. *White*, 15 S. C., 381.

Before BUCHANAN, J., Spartanburg, April, 1898. Affirmed.

Indictment against B. F. Henderson for selling, and for storing and keeping in possession whiskey. From verdict and sentence, defendant appeals.

*Mr. Ralph K. Carson,* cites: *Contradiction of witness:* 15 S. C., 381.

*Assistant Attorney General,* contra. Oral argument.

June 30, 1898. The opinion of the Court was delivered by

MR. JUSTICE POPE. The defendant was indicted and tried for selling intoxicating liquors, and also for storing and keeping in possession intoxicating liquors, contrary to

the provisions of the law of this State known as the dispensary law. He now appeals to this Court upon the single question, that in the examination of Grant Evans, a witness for the defense, on the single ground of a sale made to him by the defendant, and which sale was denied by said witness, the foundation for his contradiction was not sufficiently laid. It is well to notice that no question is made by the appeal as to the conviction of the defendant on the second count, for storing and keeping in possession intoxicating liquors contrary to the provisions of the dispensary law. Under that law both the sale and keeping and storing of such liquors are misdemeanors, and are subject to same punishment. 21 Stat. at Large, 721. We do not see how the defendant, therefore, is to be benefited if this Court should sustain this appeal, which relates to the former or first count in the indictment. As long ago as the year 1814, this Court held that when there are two counts in an indictment, one of which is bad, a general verdict of guilty is good, if there is one good count to which the evidence applies. *The State* v. *Poole*, 2 Brev., 490. There is no complaint by the appellant as to the verdict on the second count.

We cannot, therefore, sustain the appeal; but it may be well for this Court to announce that it adheres to the rule in *State* v. *White*, 15 S. C., 381, that when it is desired to contradict a witness by means of a contrary statement, he should be admonished as to the time when, the place where, and the person to whom such contrary statements were made, but it is not necessary to warn him of the purpose to contradict, and in doing so to hold that the witness, Grant Evans, was not so admonished.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE GARY concurs in result.