6767

## STATE v. HAMPTON.

1. EVIDENCE.—Whether the coroner took the evidence at the inquest verbatim or in substance is competent in considering the materiality of any variance between the testimony taken down and that at the trial.

*State* v. *Prater,* 26 S. C., 199, *distinguished from this.*

2. WITNESS—CONTRADICTION.—Time, place, person and subject matter were sufficiently given to the witness for purpose of contradiction. Variance between the contradicting question and answer which does not affect the substance is not fatal.

3. MANSLAUGHTER.—Charge excepted to not objectionable, as it contains the statutory definition of manslaughter, and the common law definition of voluntary manslaughter.

4. VERDICT.—Portions of charge excepted to when considered in connection with other instructions on the same subject properly instructed jury as to the different forms of verdict they might render in indictment against three for murder.

5. MURDER—MANSLAUGHTER.—Portions of charge excepted to is not subject to the criticism that it left the jury no alternative except to convict of murder or manslaughter.

6. CHARGE.—Statement in charge that defendants had pleaded self-defense when only one had so pleaded and the other two had insisted they were not present, is too technical to condemn the charge on.

7. IBID.—SELF-DEFENSE—MANSLAUGHTER.—Inadvertent statement in the charge to the effect that defendants should be convicted of manslaughter if they have made good their plea of self-defense could not have misled any reasonable juror in view of all the instructions on this point.

8. NEW TRIAL.—There being here material evidence reasonably tending to sustain the verdict, it is not error of law to refuse new trial.


.   Before ALDRICH, J., Greenwood, November term, 1906. . Affirmed.


Indictment against Lawrence Hampton, Nelson Hampton and Jack Lewis for murder of Robert White. From sentence on verdict, defendants appeal.


*Messrs. D. H. & Geo. T. Magill,* for appellants, cite: *Evidence taken by coroner can not be varied by parol:* 26 S. C., 199; 3 Strob., 33. *Witness should not be contradicted without laying proper foundation:* 15 S. C., 381; 82 S. W., 882; 7 Enc. Ev., 80, 110; 2 Meil., 171. *Answer in contradiction should conform to question:* 2 Strob., 178; 7 Ency. Ev., 80, 92; 52 S. E., 14; 52 S. C., 470; 2 Meil.,

171; 66 S. C., 419.  *Manslaughter:*  72 S. C., 201; Crim.
Code, 120.  *Charge indicated what verdict should be:*  30
S. C., 609 ; 28 S. C., 4.  *Instruction misstating issues is error:*
4 Cur. L., 51, 148; 68 S. C., 276.  *Evidence does not show
any premeditation and conviction should not stand:*  66 S.
C., 61; 73 S. C., 291; 5 Rich., 260 ; 75 S. C., 162.

February 25, 1908.   The opinion of the Court was deliv-
ered by

MR. JUSTICE JONES.   The appellants were indicted and
tried for the murder of Robert White in Greenwood County
on June 17, 1906.   Lawrence Hampton was found guilty
and received sentence of death.   Nelson Hampton and Jack
Lewis were found guilty with recommendation to mercy and
received sentence of life imprisonment.

*First Exception.*   On the cross-examination of some of
the witnesses for the State defendants' counsel sought to
show that their testimony on the trial varied from their testi-
mony as taken down in writing by the acting coroner
at the inquest and signed by them.   The Solicitor,
over objection, was permitted to ask the coroner
whether he took down the entire statement of a witness or
the substance of it, to which the coroner answered that he
took down the substance.   The ruling was proper.   The
method employed in taking down testimony at the coroner's
inquest, whether verbatim or merely in substance, was a
circumstance to be weighed in considering the materiality of
any variance between the testimony so taken down and the
testimony on the trial, as mere verbal variation, if material,
would be less material than variations affecting sense and
substance.   This ruling did not conflict with *State* v. *Prater,*
26 S. C., 199, holding that the deposition was the best evi-
dence of what the witness swore at the inquest.

*Second and Third Exceptions.*   When Dave Caine, or
Carnes, was examined as a witness for defendants the Solic-
itor, for the purpose of contradicting him, asked this ques-

tion: "Some time after the other trial in this case, at the last term of the Court, down there on Mr. Hay's place, somewhere where you live, did you have a conversation with Mr. Flinn about this matter and didn't you tell Mr. Flinn, Mr. Trapp or some one else had been up there to get you to come up here and testify, but that if you did come up here and tell the truth it would be in Bob White's favor?" The witness having denied making the statement, the Solicitor in reply interrogated H. C. Flinn as to this matter and repeating the question made to Dave Caine asked if Dave Caine had made such statement to him. Counsel for defendant made objection that the foundation for contradiction had not been properly laid by giving definite notice as to time, place and circumstances. The Court permitted the question and the witness answered "Yes," qualifying the answer, however, with a statement that those were not altogether the exact words of Dave Caine, but that Caine, instead of saying that he told Trapp that his testimony would be in Bob White's favor, said he told Trapp that he told Lawrence's father that his testimony would be in Bob White's favor. Defendant's counsel then moved that the question and answer be stricken out, which was refused. These ruling were not erroneous. The question sufficiently advised the witness as to the time, place, person and subject-matter of the proposed contradiction as required by the general rule in that respect. 1 Greenleaf, par. 462; *State* v. *White,* 15 S. C., 389. The object of these requirements is to give the witness, proposed to be impeached by showing statements out of Court contrary to what he has testified at the trial, a fair opportunity to recollect and explain his former statement, if he made any. While it is usual and important, whenever practicable, to give the exact terms of the proposed contradictory statement, it is not a fatal objection to the testimony if the variance between the statement as set forth in the question and as given in the answer is not such as to make the two statements substantially different. The further objection made

in the exception that the statement merely involved a matter of opinion, not the subject-matter of contradiction, need not be considered, as no such objection was made before the Circuit Court.

*Fourth and Fifth Exceptions.* These exceptions, relating to the admission of the testimony of Henry Edwards for the purpose of showing contradictory statement by Dave Caine, have no basis in the record, as it therein appears that the Colicitor consented that such testimony be stricken out, after objection by defendants' counsel.

*Sixth Exception.* The Court charged on the subject of manslaughter in part as follows: "Manslaughter is the unlawful killing of a person without malice aforethought, express or implied. You see therefore in manslaughter, as in murder, there is an unlawful killing. In murder the killing is with malice aforethought, either express or implied. So that the law fixes the definition there. In manslaughter, the wicked, deliberate and malignant heart of the murderer is not found; but, as the law says, manslaughter may be committed where one is assaulted, where one in sudden heat and passion, upon sufficient legal provocation, kills another," etc.

The exception under consideration objects to the last clause quoted above as giving manslaughter too narrow a range; (a) because the statutory definition is that manslaughter is the unlawful killing of another without malice, express or implied; (b) because manslaughter may be committed without any sudden heat and passion and without any legal provocation, as a killing in the pursuit of some unlawful act; (c) because manslaughter may be committed by a person who thinks he is acting in self-defense but who does not exercise the high degree of care required by the law of self-defense; (d) because the charge took from the jury the consideration of any other kind of killing except that done in sudden heat and passion upon sufficient legal provocation and thus cut them off from finding any other verdict than murder or not guilty in self-defense.

The exception is untenable. The Court, as appears by the context, not only gave the statutory definition of manslaughter but the long-established and often-approved definition of voluntary manslaughter as known to the common law. *State* v. *Ferguson*, 2 Hill, 619; *State* v. *Smith*, 10 Rich., 341; *State* v. *Davis*, 50 S. C., 422, 27 S. E., 905; *State* v. *Summner*, 55 S. C., 35, 32 S. E., 771. The case of *State* v. *Foster*, 66 S. C., 474, 45 S. E., 1, is direct authority for overruling the appellant's contention.

*Seventh Exception.* In directing the jury as to the form of their verdict the Court charged as follows: "Now there are three defendants. You may convict one or two, as you conclude from the evidence and law, of one crime; you may find some guilty of murder and should be hung—then don't add these words to that. On the other hand, you may find one, two of them, that they are entitled to recommendation to mercy, under the law and the evidence. Then just say guilty as to the one you think should be hung, mentioning his name, guilty as to . . . . . . . . and guilty with recommendation to mercy of the Court at so . . . . . . . . . ., naming them."

Exception is taken that this charge gave the jury no alternative but to convict of some crime and that it indicated to the jury that the judge thought that one of the defendants, Lawrence Hampton, should be convicted of murder and that the other two should be convicted of murder with recommendation to mercy. The previous charge was very full and explicit as to the law governing the jury in determining the issues, including instruction as to their duty not to convict any defendant unless his guilt was proven beyond a reasonable doubt, and including also instructions as to the power of the jury to recommend to mercy any one found guilty and the effect of such recommendation. The above-quoted language of the judge is but a portion of his charge directing the jury as to the form of their verdict. Considered in connection with the whole charge, it is not subject to the criticism made.

*Eighth Exception.* The Court, immediately following the above charge in connection therewith, further instructed the jury: "Or, if you are not satisfied beyond a reasonable doubt under the testimony, or if the defendants have made good their plea of self-defense by the preponderance of the testimony, and upon the whole testimony in the case you are not satisfied beyond a reasonable doubt, you may find these defendants guilty of a lower crime, of manslaughter. If so you would find them guilty of manslaughter, and say which ones are guilty of manslaughter, and if some or more are not guilty, of course you would not put their names down."

The objection to this charge that it left the jury no alternative but to find the defendants guilty of murder or manslaughter can not be sustained, because the whole charge completely dispels any such idea. It is further objected that the charge impressed the jury that a reasonable doubt of guilt could extend only to a reasonable doubt that the defendants were guilty of murder. The context does show that in this part of the charge, the judge was endeavoring to instruct the jury that if they had a reasonable doubt as to whether defendants were guilty of murder, they should then consider whether they were guilty of manslaughter, a proper and logical metheod of inquiry if the plea of self-defense was not established.

It is also objected that the charge states that defendants had pleaded self-defense when Lawrence Hampton only had so pleaded, while Nelson Hampton and Jack Lewis had merely pleaded not guilty, claiming that they were not present when the shooting was done. Certainly there was no error in this of which Lawrence Hampton could complain, and as to the other defendants, we think it would be too technical to condemn the charge merely because the Court did not in this portion of the charge accurately state the issues. Error in stating issues to the jury is not reversible unless the attention of the Court has been called to the mistake and an opportunity given him to correct

it. *State* v. *Still,* 68 S. C., 38, 46 S. E., 524. It may be stated that since all the defendants were charged with the homicide as principals and the State sought to show that Lawrence Hampton did the killing and that Nelson Hampton and Jack Lewis were present aiding and abetting, the plea of self-defense, if sustained as to Lawrence Hampton, would necessarily avail to acquit the other defendants.

The remaining specification against this charge is that it made it possible to find defendants guilty of manslaughter even though defendants had made good their plea of self-defense by the preponderance of the testimony. The charge is faulty in this particular, assuming, as we must under the record, that the Court did not say "if the defendants have *not* made good thir plea of self-defense," etc. It is, however, so manifest from the preceding and succeeding charge that the jury was instructed to acquit if the plea of self-defense was made out that we can not believe any reasonable juror was misled by the apparent inadvertence in this statement. Besides, the jury did not convict of manslaughter and the error could not have influenced the verdict.

*Ninth Exception.* The Court in the same connection as above continued to charge the jury as follows: "(If you find that the defendants acted in self-defense or the State has failed to prove the case against them, the State has made no case against them, or the defendants have acted in self-defense, you would state by your verdict of not guilty as to who you think not guilty.) In other words, gentlemen, you may separate and sever in your verdict. There is no use to write separate verdicts, but just the same verdict—speak and say if you think one is guilty, guilty as to, and guilty of what, as to so and so. If you think another one is guilty of some offense, guilty as to, naming him, of so and so. If all of them are not guilty, or some of them are not guilty, say not guilty. If you say not guilty, that would apply to everybody in all of the counts. If you find that one of them is not guilty then in your verdict, after writing out which

ones are guilty, you go on and say not guilty as to so and so, so as to make your verdict perfectly plain."

The objection that the charge above quoted and contained within the brackets involved a statement that defendants had pleaded self-defense when only one of them had done so, can not be sustained for the reason previously stated on that subject. It is further contended that the charge left the jury no room to find a verdict in favor of any of the defendants unless they all proved self-defense or the case of the State failed as to all. The charge quoted above shows plainly that the objection is not well founded.

*Tenth and Eleventh Exceptions.* The tenth exception points out no specific error in the charge and is too general for consideration. The remaining and last exception alleges error in refusing motion for new trial.

If there be no material testimony reasonably tending to establish the verdict of the jury, it is reversible error of law to refuse to set it aside. *Taylor* v. *Atlantic Coast Line R. R. Co.,* 78 S. C., 556. After careful examination of the testimony, however, we can not say that there was error of law in refusing to disturb the verdict.

The exceptions are overruled and the judgment of the Circuit Court is affirmed, and the case is remanded to that Court that a new day may be assigned for the execution of the sentence of the Court as to Lawrence Hampton.