17129

W. F. McMILLAN, Administrator of the estate of James Howard Ridges, deceased, intestate, Appellant, v. SAMPSON RIDGES and ALICE O. HUBBARD, in her own right, and ALICE O. HUBBARD, as trustee for Brenda Joyce Hubbard, co-partners doing business under the trade name and style of Nehi Bottling Co., Respondents

(91 S. E. (2d) 883)

Messrs. *Josiah J. Evans* and *Eugene Higgins,* of Bennettsville, *F. Turner Clayton,* of Cheraw, and *F. Ehrlich Thomson,* of Columbia, *for Appellants,*

Messrs. *Tison & Tison* and *Goldberg & Cottingham,* of Bennettsville, *for Respondents,*

March 8, 1956.

STUKES, Chief Justice.

This is an action for damages for alleged wrongful death. Plaintiff's intestate was the two year old nephew of the respondent Ridges. The latter had driven a truck of his employers, who were also defendants and are now respondents, to the home of his mother and as he started to drive away from it the child was struck or run over by the truck and suffered injuries from which death resulted. The complaint contained numerous allegations of negligence and the answer was a general denial. The trial resulted in verdict of the jury for the defendants and motion for new trial was refused by the court. This appeal followed.

Detailed statement of the testimony is unnecessary to the consideration of the appeal. The plaintiff, now appellant, produced one purported eyewitness who testified, in substance, that he was sitting on the porch of his adjoining home and saw and heard the child beg the driver for a ride and was told by the latter to get on the side of the truck, from which he fell as the truck moved away from the premises. However, the witness had made a prior statement which was at variance with his testimony, and on cross-examination he was questioned concerning it. He could not read or write but he did not deny having made the statement and that it was read to him when reduced to writing. Nor did he deny that the material contents of the statement were as embodied in the questions which were propounded to him, and as to conflicts between them and his testimony at the trial he said, quoting, "I was scared and didn't want to get involved in it. * * * Right at the time I was scared and I wasn't telling the truth." Early in the cross-examination with reference to this prior conflicting statement counsel for appellant ob-

jected to the cross-examination upon the ground that the witness denied signing the prior statement, which was overruled. The written statement was not offered in evidence.

The appellant has argued only two questions in his brief and all others which may have been made by the exceptions are deemed to have been abandoned. The first is that it was error to permit the impeachment of the credibility of the witness when he had not been advised of the circumstances of the making of the prior conflicting statement and was not asked as to the time, place or person involved in it; and the second is that it was error to permit cross-examination of the witness by the reading from a statement, allegedly made by him, which was not in evidence and which he denied signing. The questions are so closely allied that they will be discussed together.

First, it should be repeated that the witness did not deny having made the statement but, on the contrary, admitted having done so. Without objection, he testified that he had talked to "a man" about the accident who "put down" what the witness said and read it over to him. He remembered telling the "man" that he could not read but he could not remember whether he made his mark, which latter he finally denied. Furthermore, he admitted the conflicts and explained them by claiming fear at the time of the statement, as is quoted above from his testimony. This explanation of the witness was properly admitted in evidence for consideration by the jury. *State v. Center*, 205 S. C. 42, 30 S. E. (2d) 760, (concurring opinion.)

Appellant has confused the contradiction of a witness by the introduction in evidence of a prior written or oral statement, which is in conflict with his testimony and which he denies, and the cross-examination of a witness in order to test his credibility. For the former, ordinarily foundation must be laid and the witness put on notice of the time and place of the former conflicting statement, and the person to whom it was made, in order to ren-

der it competent to be admitted in evidence. *State v. White*, 15 S. C. 381; *State v. Henderson*, 52 S. C. 470, 30 S. E. 477; *Lusk v .State Highway Dept.*, 181 S. C. 101, 186 S. E. 786; *Shumpert v. Service Life & Health Ins. Co.*, 220 S. C. 401, 68 S. E. (2d) 340. 58 Am. Jur. 425, Witnesses, Secs. 775, 776.

Here the admissions of the witness that he made the material portions of the conflicting statement rendered it unnecessary that it be offered in evidence, even incompetent and subject to that objection had it been offered. "The purpose in calling a witness' attention to his prior inconsistent statements before offering them in evidence to impeach him is to give him an opportunity to admit or deny them, or to explain them. If he admits that he made the statements in question, there is no necessity for proving them and they are not admissible in evidence." 58 Am. Jur. 429, 430, Witnesses, Sec. 780.

*State v. Rowell*, 75 S. C. 494, 56 S. E. 23, 28, involved a similar question to that presented here. It was overruled, and the court said : "We do not see that the circuit judge erred in allowing the solicitor to cross-examine John L. Rogers as to what statements he made in writing subscribed by him pertaining to the homicide. The paper was not introduced in evidence by either side, the state or the defense, but the solicitor on said cross-examination examined the witness, asking him if he had not made such statements, some of which he admitted and some he denied. The defendant thought he should be allowed to see this paper. This exception is overruled."

The cross-examination of a witness to test his credibility is largely within the discretion of the trial judge and there was no prejudicial error in the exercise of it here. "Considerable latitude is allowed in the cross-examination of a witness (always within the control and direction of the presiding judge) to test the accuracy of his memory, his bias, prejudice, interest, or credibility. In doing so the witness may be asked questions in reference to irre-

levant matter, or in reference to prior statements contradictory of his testimony, or in reference to statements as to relevant matter not contradictory of his testimony. It does not follow, however, that the witness may be impeached by contradictory witnesses to the same extent that the interrogation may be permitted." *State v. Thompson,* 118 S. C. 191, 110 S. E. 133, 134. Many other decisions on the point are collected in 19 S. C. Dig. 377, Witnesses, 267, where the catchline is, "The scope of cross-examination is largely discretionary with the trial court."

The questions which have been argued are without merit, and the judgment is affirmed.

TAYLOR, OXNER and LEGGE, JJ., and BRUCE LITTLEJOHN,, Acting Associate Justice, concur.