19504

The STATE, Respondent, v. Johnny O. REED, Appellant.
(192 S. E. (2d) 207)

*Laughlin McDonald, Esq.,* of Columbia, *for Appellant,*

394

*William T. Jones, Esq., Sol.,* of Greenwood, *for Respondent,*

October 19, 1972.

BUSSEY, Justice:

Appellant was indicted in February 1972, in Greenwood County, on two separate indictments, in each of which he was charged with the crimes of housebreaking, larceny and receiving stolen goods. The cases arose out of separate thefts and sales of certain saddles, bridles, etc., during the month of January 1972. Upon trial, the jury found appellant guilty of receiving stolen goods upon one indictment, and upon the other, guilty of housebreaking and grand larceny. He appeals from such convictions and resulting sentences, being represented upon appeal by counsel other than his trial counsel.

The brief of appellant states and argues at considerable length three questions, citing many authorities which set forth sound propositions of law. We, however, deem the appeal to be without merit and conclude that no useful purpose could be served by reviewing the evidence and stating the facts in detail. Appellant's difficulty in this appeal, in brief, is simply that his contentions are not supported by the record and we, accordingly, deal only summarily therewith.

He first contends that the court erred in allowing one of the State's two chief witnesses to refuse to answer a question, on the ground that his answer would tend to incriminate him, and that appellant was thus deprived of the right of full cross examination by which he could have shown that such witness committed perjury. As to this contention, the record shows that the trial judge did not rule one way or the other on whether the witness was required to answer the particular question and apparently was given

no opportunity to rule. Appellant's trial counsel, without waiting for a ruling, pursued his cross examination of the witness, rephrasing his question, and it is obvious from the record that he successfully elicited from the witness precisely the answer which he sought. In summary, his contention that his right to a cross examination was either curtailed or denied by the court is totally without support in the record.

Appellant next contends that the court erred in allowing the State to attempt to impeach one of its witnesses. The record shows simply that the solicitor, within due bounds we think, sought to refresh the memory of a witness for the State on the basis of a prior conversation which the solicitor had had with the witness the night before. At one point the solicitor said, "Q. But last night you said . . ." Appellant's trial counsel promptly objected saying, "Your Honor, the solicitor's wanting to testify." The solicitor promptly desisted, without waiting for a ruling, and did not further pursue the matter of his prior conversation with the witness. No other objection was interposed in the course of examination of this particular witness. In brief, the record simply fails to reflect that the court allowed the State to improperly impeach, or attempt to impeach, its own witness.

Finally, in the case in which appellant was convicted of receiving stolen goods, he argues that the evidence was insufficient to support a conviction. We have carefully reviewed the record and are convinced that the evidence was amply sufficient to require the submission of this case to the jury.

It is well settled that if there be any substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced, it is the duty of the trial judge to submit the case to the jury. See numerous cases collected in West's South Carolina Digest, Criminal Law Key No. 753.

We are convinced that all of the exceptions are without merit and the judgment of the lower court is, accordingly,

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.