Lewis, C. J., and Littlejohn, Rhodes and Gregory, JJ., concur.

20698

John A. MUHLECK, III, Appellant, v. Dennis G. TAMANINI, Respondent.

(244 S. E. (2d) 535)

58

*David W. Goldman* and *Joseph T. McElveen, Jr., Bryan, Bahnmuller, King, Goldman & McElveen,* Sumter, *for appellant.*

*M. M. Weinberg, Jr.* and *Jan L. Warner,* both of *Weinberg, Warner, Brown & McDougall,* Sumter, *for respondent.*

May 23, 1978.

GREGORY, Justice:

Appellant John A. Muhleck, III brought this action against respondent Dennis G. Tamanini to recover damages for personal injuries he sustained when his motorcycle and respondent's automobile collided. The jury returned a verdict for respondent. Appellant asserts the trial judge erred by admitting a witness' written statement into evidence and by refusing to charge Section 56-5-2120, 1976 Code of Laws of South Carolina. We agree and reverse.

On March 16, 1976, between 8:45 and 9:05 p. m., appellant was driving west on Frierson Road in Sumter County and was approaching the intersection of Frierson Road and Elm Street. Appellant was driving his motorcycle with Mike Krzemiam as a passenger and was accompanied by Mike Capper and Jack Sedberry who were riding together on another motorcycle. The two motorcycles became separated approximately two miles from the point of the collision. Respondent was driving east on Frierson Road and was signaling to make a left turn into Elm Street.

Appellant's motorcycle struck respondent's automobile broadside while respondent was executing the left turn into Elm Street. Mr. Krzemiam was killed and appellant sustained personal injuries.

One of the hotly contested issues at trial was whether the headlight on appellant's motorcycle was on at the time of

the accident. Appellant testified he always left the headlight switch in the "on" position so that the headlight would automatically come on when the engine was started. Respondent testified he saw no headlight and thus did not see appellant approaching the intersection.

Mike Capper testified that when he and Mr. Sedberry arrived at the scene on their motorcycle moments later he saw appellant's motorcycle lying in a pool of gasoline with its headlight burning. Mr. Capper testified he immediately ran over to appellant's motorcycle and turned its ignition switch off to reduce the hazard of fire. According to Mr. Capper the headlight stopped burning when this was done.

During cross-examination by respondent Mr. Capper admitted to certain inconsistencies between his trial testimony and a written statement he had made earlier. Over appellant's objection respondent then offered and the trial judge admitted the written statement into evidence. On appeal appellant contends this was error.

We quote from *McMillan v. Ridges,* 229 S. C. 76, 91 S. E. (2d) 883 (1956):

Here the admissions of the witness that he made the material portions of the conflicting statement rendered it unnecessary that it be offered in evidence, even incompetent and subject to that objection had it been offered. "The purpose in calling a witness' attention to his prior inconsistent statements before offering them in evidence to impeach him is to give him an opportunity to admit or deny them, or to explain them. If he admits that he made the statements in question, there is no necessity for proving them and they are not admissible in evidence." 58 Am. Jur. 429, 430, Witnesses, Sec. 780. 91 S. E. (2d) at 884-885.

Where, as here, the witness admitted making the inconsistent statement he thereby impeached himself and rendered further evidence thereof unnecessary and inadmissible. The trial judge erred by admitting the written statement into evidence.

Appellant next contends the trial judge erred by refusing to charge Section 56-5-2120, 1976 Code, which reads as follows:

The driver of a vehicle intending to turn at an intersection shall do so as follows:

. . . (2) *Left turns on two-way roadways*. At any intersection where traffic is permitted to move in both directions on each roadway entering the intersection, an approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and by passing to the right of such center line where it enters the intersection, and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered, and whenever practicable the left turn shall be made in that portion of the intersection to the left of the center of the intersection;

\* \* \* \* \*

The testimony of the investigating highway patrolman regarding skidmarks made by appellant's motorcycle coupled with the location of the vehicles after the wreck creates an inference that instead of making a 90 degree left hand turn as required by the statute, respondent "cut the corner." From this evidence the jury could have concluded respondent violated Section 56-5-2120.

Since the statute was applicable to the facts of this case, the trial judge's refusal of appellant's timely request to charge the statute constitutes error. *Eaddy v. Jackson Beauty Supply Co., Inc.*, 244 S. C. 256, 136 S. E. (2d) 297 (1964).

Accordingly, the judgment below is reversed and the case remanded for a new trial.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.