◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY MANGINE, Appellant.—Judgment unanimously affirmed. Memorandum: The prosecutor improperly made himself an unsworn witness when he endeavored to impeach defendant's alibi witness by asking him on cross-examination about prior inconsistent statements that the witness made to the prosecutor in a telephone conversation (see *People v Lovello,* 1 NY2d 436; *People v Wasserman,* 46 AD2d 915, 917; see, generally, *People v Arabadjis,* 93 Misc 2d 826). However, this error under the circumstances here was harmless *(People v Crimmins,* 36 NY2d 230). Defendant's claim that he was denied the effective assistance of counsel for his attorney's failure to make necessary pretrial motions, including motions for *Brady* and *Rosario* material, is without merit. Defendant further claims that he was denied the effective assistance of counsel because his attorney failed to move to dismiss the indictment for failure to grant a speedy trial and proceeded to trial in the absence of a crucial witness. Insufficient facts appear in this record to permit adequate review of these allegations, and these claims may be pursued, if the defendant is so advised, by moving pursuant to CPL 440.10. We have examined other contentions raised by defendant and find them to be without merit. (Appeal from judgment of Erie County Court—robbery, third degree.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Callahan and Moule, JJ.