THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Timothy M. Phillips, Appellant.
 
 
 

Appeal From Dorchester County
 J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2005-UP-574
Heard October 5, 2005  Filed October 28, 2005  

AFFIRMED

 
 
 
 Jack B. Swerling, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General David A. Spencer, of Columbia; and Solicitor David Michael Pascoe, Jr., of St. Matthews, for Respondent.
 
 
 

PER CURIAM:  Timothy Phillips appeals his convictions for assault and battery with intent to kill, possession of a weapon during the commission of a violent crime, and injuring or disabling a police dog.  We affirm.
On the evening of April 6, 2003, an altercation erupted between Timothy Phillips and his 14-year-old stepson Jeffrey, resulting in Jeffrey calling 911.  Ashley, Phillipss wife, intervened in the conflict, and the couple began fighting.  Jeffrey left the house during the fight.  
Ashley missed Jeffrey once the fight ended and ran outside to look for him.  Phillips followed after to help look for Jeffrey and brought a shotgun.[1]  Ashley encountered Deputy Michael Deese, who had been dispatched to answer the 911 call.  Ashley told Deese her son was missing, Phillips was armed, the situation was serious, and Phillips was going to kill her.  While they talked, Phillips approached and pointed his shotgun in the direction of Deese, who had remained in his vehicle.  
Deese ordered Phillips to drop the shotgun several times and drew his own weapon.  A firefight ensued, resulting in Phillips wounding Deese and the police dog in his vehicle.[2]  Ashley ran to the nearby home of Jennifer Johnson[3] when the shooting began.  Phillips was arrested at his home and subsequently convicted of the charges noted above.                      
LAW/ANALYSIS
1.  Phillips argues the trial judge erred by refusing to give specific answers requested by the defense in response to the jurys questions.  We disagree.
In reviewing jury charges for error, we must consider the courts jury charge as a whole in light of the evidence and issues presented at trial.  State v. Adkins, 353 S.C. 312, 318, 577 S.E.2d 460, 463 (Ct. App. 2003).  Jury instructions should be considered as a whole, and if as a whole they are free from error, any isolated portions which may be misleading do not constitute reversible error.  State v. Buckner, 341 S.C. 241, 246-47, 534 S.E.2d 15, 18 (Ct. App. 2000).  To warrant reversal, a trial judges refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant.  State v. Zeigler, 364 S.C. 94, 106, 610 S.E.2d 859, 865 (Ct. App. 2005).  
In a note, the jury asked the trial judge two questions regarding the jury instructions on assault and battery with intent to kill.  The first asked, If the defendant is found guilty of assault and battery with a shotgun, is that automatic intent to kill?  The second question was, Does assault and battery with a deadly weapon constitute intent to kill?  The defense asked the judge to specifically answer the questions.  
The trial judge declined to do so, reasoning it would be a charge on the facts and an invasion of the jurys role to make factual determinations in the case.  See S.C. Const. art. V, § 21 (Judges shall not charge juries in respect to matters of fact, but shall declare the law.); State v. Bagwell, 201 S.C. 387, 399, 23 S.E.2d 244, 249 (1942) (A [j]udge cannot express in his charge, or intimate any opinion as to the weight or the sufficiency of testimony . . . without violating the prohibition of the Constitution as to charging upon the facts.).
The trial judge also felt the questions too complex to be answered either yes or no.  He reiterated large portions of his original instructions to the jury with the expectation it would answer the jurys questions.[4]  See Brown v. Stewart, 348 S.C. 33, 53, 557 S.E.2d 676, 686 (Ct. App. 2001) (It is not error to refuse a request to charge when the substance of the request is included in the general instructions.); State v. Burkhart, 350 S.C. 252, 261, 565 S.E.2d 298, 303 (2002) (The substance of the law must be charged to the jury, not particular verbiage.).
After reviewing the record, we find the charge contained all of the applicable legal principles for the jury to make its determination.  The trial judge adequately addressed the jurys questions without intruding upon the jurys role as the ultimate finder of fact.  The trial judges charge, considered as a whole, was appropriate and does not constitute error.  
2. Phillips next argues the trial judge erred in limiting the defenses cross-examination of Jennifer Johnson concerning statements allegedly made by Phillipss wife, Ashley.  
Our courts have consistently held that the scope and extent of cross-examination is a matter within the sound discretion of the trial judge.  State v. Sierra, 337 S.C. 368, 373, 523 S.E.2d 187, 189 (Ct. App. 1999).  This court will not disturb the trial judges decision unless appellant shows both prejudice and an abuse of discretion.  Id.  
Johnson testified she heard gunshots and then saw Ashley come into her yard within minutes of the shooting.  Johnson, who did not know Ashley at the time of the incident, testified Ashley said that her husband just shot a cop, she thought he killed him, and that he was now after her and she [was] just looking for a place to hide and she just wanted to hide there.  The trial judge allowed this into evidence under the excited utterance exception to the hearsay rule.  
On cross-examination, Phillips sought to ask Johnson if in her written statement to the police she said Ashley told her:  (1) Ashley had called the police, (2) the police came to the Phillipses home, and (3) Phillips appeared from the side of the Phillipses home and shot at the police vehicle.  The State objected on the ground that Johnsons prior statement was inadmissible unless inconsistent with her testimony in court.  
Phillipss goal was to undermine Ashleys credibility or show Johnsons memory to be unreliable.  Even assuming it was error for the trial court to prevent Phillips from questioning Johnson on the prior statement, the courts ruling was not prejudicial.  See State v. Reeves, 301 S.C. 191, 194, 391 S.E.2d 241, 243 (1990) (Error is harmless when it could not reasonably have affected the result of the trial.).  Here, Ashley admitted during her testimony that what she told police was not an honest account and that she may have embellished things out of anger.  
3. Phillips contends the trial judge erred by admitting testimony concerning the permanent scarring Deputy Deese received from injuries in the shooting.  We disagree.  
The relevance, materiality, and admissibility of evidence are matters within the sound discretion of the trial court and a ruling will be disturbed only upon a showing of an abuse of discretion.  State v. Shuler, 353 S.C. 176, 184, 577 S.E.2d 438, 442 (2003).  A trial judges decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances.  State v. Adams, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003). 
Phillips objected to a plastic surgeons testimony that Deese will have permanent scarring from his wound.    
Assault and battery with intent to kill is an unlawful act of violent nature to the person of another with malice aforethought . . . .  State v. Hinson, 253 S.C. 607, 611, 172 S.E.2d 548, 550 (1970).  [I]ntent [for purposes of malice] may be shown by acts and conduct of [the] accused and other circumstances from which the jury may naturally and reasonably infer intent; evidence of . . . resulting wounds or injuries, etc., are admissible to show the intent with which the assault was committed.  State v. Foust, 325 S.C. 12, 16 n.4, 479 S.E.2d 50, 52 n.4 (1996) (citing 41 C.J.S. Homicide § 195).  
[Assault and battery of a high and aggravated nature] is the unlawful act of violent injury to another accompanied by circumstances of aggravation.  Tate v. State, 351 S.C. 418, 427, 570 S.E.2d 522, 527 (2002).  Circumstances of aggravation include . . . infliction of serious bodily injury  . . . .  Id. 
Permanent scarring provides evidence of wounds or injuries and evidence of the infliction of a serious bodily injury.  The trial judges decision regarding the probative nature of the evidence was, we conclude, correct.
4. Phillips asserts the trial judge erred by limiting presentations at sentencing to one person per side.  Only Phillips spoke on his behalf.  
The general rule in this State is that the conduct of a criminal trial is left largely to the sound discretion of the presiding judge and this Court will not interfere unless it clearly appears that the rights of the complaining party were abused or prejudiced in some way.  State v. Bridges, 278 S.C. 447, 448, 298 S.E.2d 212, 212 (1982).
Insomuch as an omission [of allocution] is not fatal to affirmance of sentence for any offense less than capital, [State v. Phillips, 215 S.C. 314, 318-19 54, S.E.2d 901, 903 (1949)], a limitation upon allocution is likewise not fatal.  Furthermore, Phillipss exchange with the judge satisfied the requirement for allocution.  See id. (noting that a lengthy conversation after plea and before sentence between the court and a defendant would meet the requirement for allocution).
AFFIRMED.
GOOLSBY, BEATTY, and SHORT, JJ., concur.

[1] Phillips explained on the stand that he brought a shotgun to go to a hunting club, but changed his plans when he realized Jeffrey was missing.  
[2] The record is not clear regarding who fired first.  
[3] At the time of the incident, she was named Jennifer Barnes. 
[4] The trial judge instructed the jury that the use of a weapon may be considered in determining the intent of the defendant: Evidence of the character of the assault, the character of the instrument used, the manner in which it was used, the purpose to be accomplished and the resulting wounds or injuries may be considered in determining the intent with which the assault was committed.